ELECTRELLE COMPANY *vs.* JAMES J. MAGUIRE.

Suffolk.    March 27, 1913. — October 21, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Res Judicata. Lease of Chattel.*

Under a lease of a chattel for a stipulated rent of a certain sum of money a month payable in advance, the lessor can bring an action for each unpaid monthly instalment of rent as it falls due, and if, after he has brought an action for the rent due up to the date of the writ and before such action has come to trial, he brings a suit of equitable replevin in which he claims rent that fell due after the previous action was brought and obtains a decree ordering the defendant to deliver the chattel to him and to pay him the rent claimed in that suit, the decree is no bar to the first action brought for the rent previously due.

LORING, J.    This is an action for rent of an electrical piano player, payable in advance at the rate of $25 a month for the twenty-three months beginning December 1, 1908, and ending October 1, 1910. The plaintiff credited the defendant with payments made during this period amounting to $242.85, making the net balance due (disregarding interest) $332.15.

---

* The order and decree were made by *Hammond,* J.    The plaintiffs appealed.

The action came on to be tried in February, 1912, before a single judge* sitting without a jury.  At the trial the plaintiff put in evidence the record in a suit of equitable. replevin brought by the same plaintiff against the same defendant some five months after the bringing of the action now before us.  By a final decree made in that suit some four months before the trial was had in this action, the defendant had been ordered (1) to deliver to the plaintiff the piano player, and (2) to "pay to the plaintiff as and for the rent specified in the fourth paragraph of the bill and interest thereon the sum of one hundred and thirty dollars and fifty-nine cents ($139.59) and that execution issue therefor."  The fourth paragraph of the bill in equity, so far as it deals with rent of the piano player, was in these words: "The defendant, though requested, has not paid the rent therefor for certain months prior to November, 1910, for which the plaintiff has brought suit, and has not paid the rent for the months of November and December, 1910, and January, February and March, 1911."

The judge made the following findings in the action now before us: "I find that 'rent therefor for certain months prior to November, 1910, for which plaintiff has brought suit' is not the rent specified in the fourth paragraph, and that 'the rent for the months of November and December, 1910, and January, February and March, 1911,' is the rent specified and that it is the latter period, and no other that the decree covers."  "I find for the plaintiff in the sum of $332.15 with interest from the date of the writ." †

The rent being payable monthly, the plaintiff had a right to bring an action for each unpaid monthly instalment as it fell due.  In the action now before us the plaintiff could recover for rent due for the twenty-three months next before October 19, 1910, but not for rent thereafter falling due.  After bringing this action he had a right to bring a further action or actions to recover unpaid monthly instalments thereafter falling due.  If he did bring subsequent actions for subsequent rents and recovered judgment in the subsequent action for the subsequent rents before the first action came on for trial, he was not thereby prevented from recovering a later judgment in the earlier action for the earlier rent.

Of course the plaintiff could not recover in this the earlier ac-

---

* *Lawton*, J.          † The defendant alleged exceptions.

tion for the earlier rents if he included the earlier as well as the subsequent rents in the subsequent bill in equity on which he has had a decree. But it is manifest that the plaintiff in the case at bar intended to exclude from the subsequent bill in equity the rents (covered by this earlier action) for the months prior to November 1, 1910, by inserting in the fourth paragraph of the subsequent bill in equity the allegation that he had "brought suit" for the rent for those months.

*Exceptions overruled.*

*James J. McCarthy,* for the defendant.
*R. D. Swaim,* (*J. M. Maguire* with him,) for the plaintiff.