WALDO R. CUTTER & another *vs.* EDWARD H. CUTTER.

Middlesex. January 9, 1917. — March 2, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Res Judicata. Equity Jurisdiction, Res judicata. Equity Pleading and Practice,* Appeal from interlocutory decree.

In a suit in equity for an accounting brought against one of four tenants in common by the other two surviving tenants in common after the death of the fourth, the defendant filed a plea in bar setting up as *res judicata* a decree in a former suit in equity against the same defendant for an accounting, where it appeared that the plaintiffs in the two suits were not the same, the administrator of the estate of the deceased tenant in common having been a plaintiff in the earlier suit, and that the dates covered by the accounting in the earlier suit, which related only to the period terminating with the death of the fourth tenant in common, were none of them included in the second suit, it was *held*, that, not only were the items and the periods covered by the two suits wholly different, but the parties were not the same and there was no splitting of a single cause of action, because the agency for which an accounting was sought in the first suit presumably ended upon the death of the fourth tenant in common, so that the plea of *res judicata* should be overruled.

Where in a suit in equity the defendant demurred to the bill and appealed from an interlocutory decree overruling his demurrer, and, without waiving his demurrer or his appeal, filed a plea in bar, which was sustained by an order followed by a final decree dismissing the bill, from which the plaintiff appealed, this court, after reversing the decision of the court below and ordering the entry of a decree overruling the plea in bar, declined to consider the defendant's appeal from the interlocutory decree overruling his demurrer, on the ground that his demurrer was not properly before this court, the case not being ripe for judgment in the court below.

BILL IN EQUITY, filed in the Superior Court on June 24, 1914, for an accounting as stated in the opinion.

The defendant demurred to the bill, and his demurrer was overruled by *McLaughlin*, J. The defendant appealed from the interlocutory decree overruling his demurrer. The defendant then, not waiving his demurrer nor his appeal from the interlocutory decree overruling it, filed a plea in bar setting up the defence of *res judicata* as stated in the opinion. The case was argued upon the plea before *Irwin*, J., who made an interlocutory decree allowing it and later made a final decree, reciting that the plea in bar had been sustained by an interlocutory decree, and ordering

that the bill be dismissed, and that the plaintiffs pay to the defendant costs amounting to $25.16. The plaintiffs appealed.

*W. R. Buckminster*, for the plaintiffs.

*J. Cummings*, for the defendant.

DE COURCY, J. Charles S. Cutter, the plaintiffs Waldo R. Cutter and Annie M. Easte, and the defendant, Edward H. Cutter, were tenants in common of certain real estate in Arlington, according to the allegations in the bill. On October 3, 1904, they entered into an agreement by which the defendant was to manage part of the property and collect the rents and profits as the general agent of the tenants in common, was to pay a rent for the occupation of the Summer Street house, and, with his brother Charles, was to hire a portion of the common property for agricultural purposes. Charles S. Cutter died on August 20, 1909. The defendant continued to occupy the Summer Street house, to collect the rents and profits, and to do other acts as agent until March 12, 1912, when partition was made of the property.

The present plaintiffs and one Hall, the administrator of the estate of Charles S. Cutter, on March 20, 1913, filed a bill for an accounting against the defendant, and a final decree was entered in their favor on January 24, 1916. The present bill for an accounting was filed on June 24, 1914; and the defendant has pleaded in bar thereto the adjudication in the earlier case.

When the allegations of the present bill are compared with those of the earlier one (a copy of which is annexed to the defendant's plea), it is apparent that the causes of action are not the same, and that the parties are different. In the 1913 suit the defendant was charged with collecting and refusing to account for the rents and profits until August 20, 1909, which was the date of the death of Charles S. Cutter, one of the tenants in common. The administrator of the estate of Charles was one of the plaintiffs. The master's report discloses that the rents and profits for which the defendant was charged were those collected by or due from him up to August 1, 1909; and of the payments credited to him the only ones subsequent to that date were for the 1909 taxes and a bill for legal expenses in connection with a proposed new street, incurred some time before. The decree included interest from November 2, 1909, because the master found that the demand for an accounting was not made until about October 1, 1909.

The present bill is brought by the two tenants, who, with the defendant, have owned the property since the death of Charles. It seeks for an accounting of the rents and profits collected by the defendant from that time until March 12, 1912, the date of the partition. As already appears these items were not included in the former accounting as matter of fact. As matter of law the plaintiffs are not precluded from recovering them. The plea of *res judicata* should have been overruled. The parties in the two suits are not the same, and the times covered by the accounting are different. And there is here no splitting of a single cause of action. That is so, not only because the account did not constitute an entire demand, see *Badger* v. *Titcomb*, 15 Pick. 409, but also because the agency for which an accounting was sought in the first suit presumably terminated on the death of one of the principals.

The defendant's appeal from the interlocutory decree overruling his demurrer is not properly before us, as the case is not ripe for judgment in the Superior Court. *Weil* v. *Boston Elevated Railway,* 216 Mass. 545, and cases cited.

The decree must be reversed, and a decree entered overruling the plea in bar, with costs.

*So ordered.*