JONES & POLSON, INC. *vs.* EDWARD O'TOOLE.

Norfolk.   November 12, 1935. — February 6, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Evidence*, Presumptions and burden of proof.  *Res Judicata.  Conversion. Sale*, Conditional.  *Bailment.  Practice, Civil*, Exceptions: whether error harmful; Requests, rulings and instructions.

A defendant setting up the defence of *res judicata* has the burden of proving it.

Judgment for the defendant in an action for instalments under a conditional sale contract did not make *res judicata* the cause alleged in a subsequent action for instalments accruing after the first action was brought if the grounds for such judgment did not appear; but an erroneous ruling to the contrary in the later action was harmless if there was no evidence to support the plaintiff's claim therein.

Under a contract for the conditional sale of automobile tires and periodic payments for them by the vendee on a mileage basis until they should be worn out, when they were to become the property of the vendee, a judgment for the vendee in an action by the vendor for the mileage payments to a certain date did not make *res judicata* a cause of action subsequently arising for the vendee's conversion of the tires by disposing of them before they were worn out.

In an action with counts in contract and tort "all for the same cause," an erroneous ruling of the trial judge that a former judgment for the defendant was a defence was construed to apply to both counts in the absence of anything to show the contrary, and was prejudicial since there was evidence supporting the cause of action set out in one of the counts.

CONTRACT OR TORT.   Writ dated March 18, 1931.

The action was heard in the Superior Court without a

jury by *Williams*, J., who found for the defendant. The plaintiff alleged exceptions.

The plaintiff's eleventh and twelfth requests for rulings were as follows: "11. The burden of proving res judicata is on the defendant. 12. Upon all the evidence the defendant has failed to sustain that burden."

*B. Goldman*, (*H. Krinsky* with him,) for the plaintiff.

*F. D. McCarthy*, for the defendant, submitted a brief.

QUA, J. The plaintiff, a dealer in tires, sold to the defendant, a contractor and a "producer" of sand and gravel, eight solid rubber truck tires under a written contract of conditional sale, dated April 25, 1929. By the terms of the contract, title was to remain in the plaintiff, and the defendant was to pay one cent per mile per tire for the use of the tires until they should be worn out, when they were to become the property of the defendant. · The contract further provided that the defendant should keep the speedometers on his trucks in working order; that the plaintiff should read them monthly as a basis for monthly mileage payments; that upon any breach of the contract by the defendant the plaintiff might repossess the tires; and that the defendant would surrender them to the plaintiff on demand.

The present action is in "contract or tort," with a statement that all counts are for the same cause of action. The first count being waived, the case was tried without a jury upon the second and third counts. The second count was in contract for breach of the conditional sale agreement in failing to pay for mileage, stating also that the defendant had sold the tires and had neglected and refused to return them. The third count was in tort for conversion of the tires. The answer was a general denial, payment and *res judicata*.

There was evidence that in August, 1930, the defendant "traded in" three of the four trucks upon which the plaintiff's tires had been placed and later substituted pneumatic tires for the plaintiff's solid rubber tires on the fourth truck, and that the defendant had "disposed of the trucks and tires." The defendant offered the record of a former action

of contract brought by the plaintiff against the defendant in the District Court of Northern Norfolk on January 15, 1930, wherein on April 18, 1930, judgment had been entered for the defendant. The declaration in the former action is also based upon the conditional sale agreement of April 25, 1929. From its language it is clear that recovery in that action was sought only for mileage payments accrued and due under the contract when that action was brought. The plaintiff's counsel objected to the admission of the record of the former action and thereupon in open court disclaimed any intention of seeking to recover in the present action for any tire mileage which accrued prior to the date of the writ in the District Court and asserted that his present declaration covered mileage "occurring thereafter" and "conversion" of the tires. The judge admitted the record subject to the plaintiff's exception.

The burden of proof was upon the defendant to establish his defence of *res judicata*. A comparison between the issues raised on the pleadings in the former action and the issues remaining to be decided in this action after the plaintiff's disclaimer fails to show that the former action was conclusive of anything presented for decision in this action. The former action had to do only with mileage charges accruing before it was brought. No claim was made, and none could have been made, for charges accruing since that time. No claim was made, and none could have been made, for wrongful disposal of the tires or for conversion. On any view of the evidence the alleged wrongful disposal or conversion relied upon in the present action did not take place until several months after the judgment in the former action. It does not appear on what grounds the judgment for the defendant in the former action was based. It may have been based on payment in full for the mileage which had been run before the date of the writ in that action. There was no evidence that any issue was decided which in any way established that the contract now admitted to have been entered into was not valid and binding and entitled to its full legal effect. The record of the former action was not competent. *Harlow* v. *Bartlett*, 170 Mass.

584.   *Electrelle Co.* v. *Maguire*, 215 Mass. 550.   *Cutter* v. *Cutter*, 226 Mass. 196.   *Dalton* v. *American Ammonia Co.* 236 Mass. 105.

The admission of the record of the former action would have been harmless, if it could be shown that it did not affect the result of the present action.   In so far as the contract count of the present action (count 2) sets up a claim for mileage accruing after the writ in the former action, no harm was done, for there was no evidence that the tires had been run at all since that time, so that such a claim was not proved in any event.   But this cannot be said of the plaintiff's claim for conversion.   We need not decide whether recovery for conversion could be had under the wording of this contract count, for that issue was clearly presented by the tort count (count 3).   We think that the provisions of the contract relative to the monthly payments for mileage, the maintenance of the speedometers in repair by the defendant and the monthly examination of them by the plaintiff, and for surrender of the tires by the defendant in case of any breach, taken together, indicate that the parties contemplated that the defendant should retain possession of and control over the tires until the final passing of title upon the tires being worn out, and that the unauthorized selling or disposing of them by the defendant would be inconsistent with the terms of the bailment and would amount to a conversion.   *Vermont Acceptance Corp.* v. *Wiltshire*, 103 Vt. 219.   *Crocker* v. *Gullifer*, 44 Maine, 491.   *Dunlap* v. *Gleason*, 16 Mich. 158.   See cases collected in 73 Am. L. R. 799.   In his findings and rulings, after referring to the former action and to the allegations of the contract count and of the tort count in this action and to the statement that all counts in this action are for the same cause of action, the judge ruled that the general finding for the defendant in the District Court "precludes the plaintiff from thereafter bringing a subsequent action for breach of said contract" and then added the following paragraphs:

"The rights of the parties under said contract have been adjudicated by said decision of the District Court.

"I therefore find for the defendant in the present action."

As a matter of construction these statements by the judge tend to show that the former decision did affect the finding on both counts. At least there is nothing to show that it did not. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18.

The plaintiff's eleventh and twelfth requests for rulings should have been granted. The reasons have already been stated. It is unnecessary to discuss the other requests. They may not be presented in the same form at another trial.

*Exceptions sustained.*