Wilson, J.
This is an action of contract, for goods sold and delivered, brought by trustee writ in which the Harvard Trust Company is named as trustee. The declaration was upon an account annexed, for coke delivered in the year *151 1932. At the time of the entry of this action, there was pending another action in the Municipal Court of Brook-line, brought by the same plaintiff against the same defendant, in which the Brookline Trust Company was summoned as trustee. The latter action is also in contract and the declaration was also upon an account annexed, for coke delivered in the year 1931.
The defendant filed in the instant case a plea in abatement setting forth, as ground for abatement thereof, that at the time this action was commenced on December 3,1937, said action in the Municipal Court of Brookline was pending by reason of a writ brought therein on November 30, 1937, and that the matter in this action “was already the subject of litigation in the Municipal Court of Brookline.”
No evidence was presented other than the examination of the pleadings in both cases.
The plaintiff seasonably filed eight requests for rulings. The trial court allowed numbers 2, 3, 4 and 5 and denied numbers 1, 6, 7 and 8 “because inapplicable to the facts of the case.” The court allowed the plea in abatement and ruled:
“That where there is an open and running account between the parties for the same kind of merchandise sold in the same way, the plaintiff cannot split the account into several portions and compel the defendant to meet it in different courts. ’ ’
The rulings filed by the plaintiff were as follows:
1. That a running account is not an entire item incapable of being divided for the purpose of bringing suit, unless there be an agreement to that effect. Badger v. Titcomb, 15 Pick. 409.
2. That a contract which is divisible in its nature may be sued upon by separate suits.
3. That dealings by the same persons over a period of years does not necessarily constitute one contract.
*152 4. That the commencement of separate actions by the same plaintiff against the same defendant does not create a multiplicity of suits which may be abated if the contracts sued upon are separate and distinct.
5. That a contract may be entire yet divisible and consequently the basis of separate suits. Bianchi Bros. Inc. v. Gendron, 1935 A. S. 2469, 2476.
6. That in order for an action to abate, there must be pending another action between the same parties and for the same cause of action.
7. That unless proof of the prior action will support the second action, the second action is not abatable. Sherman v. Werby, 280 Mass. 157.
8. That unless final judgment in the prior action will support a plea of res adjudicaba in the second action, the second action is not abatable. Mutual Life Ins. Co. v. Royal, 197 N. E. 646.
It was said in Alpert v. Mercury Publishing Co., 272 Mass. 39, 41:
“A plaintiff will not commonly be allowed to prosecute an action when there is pending another action for the same cause between the same parties. . . . The underlying principle resting on both justice and wisdom is that a party ought not be vexed by the pendency at the same time of two actions for the same cause at the instance of the same plaintiff.”
In the instant case the parties to the action were the same. The only question here is whether the cause of action was the same in each case. An examination of the declarations discloses that the first action, that pending in the Municipal Court of Brookline, was for coke of various sizes and prices, sold and delivered in varying amounts, at thirty-eight different times, over a period from April 1, 1931, to and including December 24, 1931. The declaration in the instant case, the second action, was for coke, also of various sizes and prices, sold and delivered in varying amounts, at twenty-eight different times, over a period from January 2,1932, to May 9,1932, inclusive.
*153 In Sherman v. Werby, 280 Mass. 157, at 160, the court said:
“The test is not whether matters stated in the different counts grew out of the same transaction, but whether proof of one would support the other.”
It is clear that proof of a sale and delivery of the items set forth in the declaration in the first action would not support the claim made in the declaration in the second action.
But the trial judge, in the instant case, ruled that because the dealings between the parties were a running account, only one action could be maintained and all amounts due and owing at. the time of bringing the writ must be recovered in one action. As long ago as Badger v. Titcomb, 15 Pick. 409, at 415, the Supreme Court stated the rule, here applicable, as follows:
“As the law is, we think it cannot be maintained, that a running account for goods sold and delivered, money loaned, or money had and received, at different times, will constitute an entire demand, unless there is some agreement to that effect, or some usage or course of dealing, from which such an agreement or understanding may be inferred. No such agreement or course of dealing is set up in this case, and consequently the defendant’s plea that the cause of action in this suit is identical with that of the former action, cannot be maintained.”
And in the same case the court said:
“It is said that the law abhors a multiplicity of suits; . . . But that reason would apply to notes of hand and other demands unquestionably several and independent. If any evils should arise from multiplying suits which might have been joined, it is for the legislature to provide a remedy.”
Again, in Knight v. The New England Worsted Co., 2 Cush. 271, at 290, the court, speaking through Shaw, C. J., said:
*154 “The true rule seems to be, as laid down in a recent case in this commonwealth, that if one contracts to do several things, at several times, an action of assumpsit will lie on each default; for, although the agreement is entire, the performance is several, and the contract divisible in its nature.”
See also Denny v. Williams, 5 Allen 1, 4. Cummington v. Wareham, 9 Cush. 585, 590. Perry v. Harrington, 2 Met. 368, 370. Barlow Mfg. Co. v. Stone, 200 Mass. 158, 160. Mark v. Stuart-Howland Co., 226 Mass. 35, 43. Cutter v. Cutter, 226 Mass. 196,198. Compare McLaughlin v. Levenbaum, 248 Mass. 170, 176.
It seems to us that there has been no splitting of one cause of action by the plaintiff in the instant case but rather a consolidation of several causes in the first action and of several other causes of action in the. second action. The report refers to no agreement or course of dealing sufficient to warrant the inference that the account was an entire and indivisible demand.
If there has been a violation of the provisions of Gr. L. (Ter. Ed.) c. 261, § 7, the district court may make appropriate orders regarding costs.
We are of opinion that the plea in abatement should have been overruled. It was error to refuse the plaintiff’s requests numbered 1, 6, 7 and 8. They contained correct principles of law and were applicable to the case here presented.
The case is remanded to the district court for further proceedings, in accordance herewith.