PAUL BARRON WATSON & others, trustees, *vs.* JOSEPH BERMAN.

Suffolk.     January 5, 1939. — February 1, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & COX, JJ.

*Res Judicata. Bills and Notes,* Instalment note. *Evidence,* Presumptions and burden of proof.

The payee of a note payable "in payments of" a certain sum "per month" was not limited to one action thereon, but could bring successive actions for the instalments as they came due.

An action for monthly instalments on a promissory note, brought after the due date of the second instalment, was not barred by a judgment in a previous action on the note which the defendant did not show was for more than the first two instalments.

The admission of certain evidence for the plaintiff on an issue as to which the defendant had the burden of proof was not prejudicial to the defendant where he had not sustained that burden irrespective of such evidence.

CONTRACT. Writ in the Municipal Court of the City of Boston dated March 28, 1938.

The action was heard by *Barron,* J. In this court it was submitted on briefs.

*P. E. Cohen,* for the defendant.

*Haven Parker,* for the plaintiffs.

FIELD, C.J. This is an action of contract brought on March 28, 1938, in the Municipal Court of the City of Boston to recover $250 on a note dated July 27, 1937,

given by the defendant to the plaintiffs. By this note the defendant agreed to pay the plaintiffs $1,427.95 "in payments of $50 per month, together with $200." There was a finding for the plaintiffs in the amount of $250.

There was a report to the Appellate Division of the denial of the defendant's requests for rulings and of the admission of evidence over the objection of the defendant. The Appellate Division ordered the report dismissed and the defendant appealed.

There was no error.

Clearly the note sued on did not provide for an indi-. visible payment on demand of the entire amount thereof, but rather provided in part for the payment of monthly instalments. See *Beaman* v. *Gerrish*, 235 Mass. 79, 83–84. The plaintiffs, therefore, were not, as contended by the defendant, limited to one action on the note, but could bring successive actions for the instalments as they became due. *Badger* v. *Titcomb*, 15 Pick. 409, 414. *Sparhawk* v. *Wills*, 6 Gray, 163. *Denny* v. *Williams*, 5 Allen, 1, 4. *Electrelle Co.* v. *Maguire*, 215 Mass. 550. *Beaman* v. *Gerrish*, 235 Mass. 79. *McLaughlin* v. *Levenbaum*, 248 Mass. 170, 175. *Clark-Rice Corp.* v. *Waltham Bleachery & Dye Works*, 267 Mass. 402, 415. Williston, Contracts (Rev. ed.) §§ 861, 862. Williston, Contracts (Rev. ed.) § 1292. *Warren* v. *Comings*, 6 Cush. 103, relied on by the defendant, is distinguishable.

On the pleadings and the evidence in the present case a finding was warranted in favor of the plaintiffs on the five $50 payments due respectively on the twenty-seventh day of each month from October, 1937, to February, 1938, aggregating $250, unless, as contended by the defendant, such recovery was barred by a prior adjudication in an action on the same note by the plaintiffs against the defendant for the recovery of $100, in which there was a finding, on November 19, 1937, for the plaintiffs in that amount. The declaration and finding in this former action were introduced in evidence. There was evidence also that judgment for the plaintiffs was entered on this finding and that this judgment was satisfied. Over the defendant's

objection testimony was admitted of all the evidence presented at the trial of that action. This testimony tended to show that the plaintiffs in that action were suing to recover the two payments of $50 each, due respectively on August 27, 1937, and September 27, 1937.

The burden of establishing the defence of prior adjudication was on the defendant. *Jones & Polson, Inc.* v. *O'Toole*, 293 Mass. 399, 401. It was incumbent upon the defendant to prove that the former action was brought for the same cause of action as the present action so that the judgment in the former action would bind the plaintiffs upon all issues that were or might have been litigated therein, or, so far as the causes of action were not identical, that the issue in the present action upon which it is contended that the plaintiffs are bound by the judgment in the former action was actually litigated and determined therein. *Foye* v. *Patch*, 132 Mass. 105, 110–111. *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138, 148.

It could not have been ruled or found that the causes of action were the same in the two actions with respect to the defendant's liability for payments due on the note on the twenty-seventh of each month from October, 1937, to February, 1938, inclusive. The declaration in the present case obviously is broad enough to include liability for such payments even if it is not limited thereto. But the evidence did not show that the cause of action on which the former action was brought included liability for any of these payments.

The declaration in the former action did not purport to include liability for any payments due after that action was brought. This declaration alleged that "the defendant owes" the plaintiffs the sum of $100 "according to the terms of a promissory note, a copy of which," being the note now sued on, "is annexed hereto" — plainly referring to amounts already due thereon. Whether or not there was a merger in a single cause of action of the defendant's liability for all payments due on the note before the action was brought — as we need not decide, see Williston, Contracts (Rev. ed.) § 1292 — his liability for payments due

thereafter was not so merged. Such payments could not have been recovered on that declaration. See *Jones & Polson, Inc.* v. *O'Toole,* 293 Mass. 399, 402. If construed to include liability for them, the action in this respect would have been premature. *Heywood* v. *Perrin,* 10 Pick. 228, 231. The record does not disclose the precise date when the action was brought, since the date of the writ does not appear. But it must have been brought before November 19, 1937, when the finding for the plaintiffs was made, and there was no evidence that it was not brought before October 27, 1937.

There was no evidence, even if such evidence would be admissible (see *Waterhouse* v. *Levine,* 182 Mass. 407), that any issue was tried and determined in the former action not included in the declaration therein or that the judgment in that action was not based on the declaration. At least in the absence of such evidence it must be taken that this judgment did not include any liability for payments due after the action was brought. See *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 447. Whether or not the evidence objected to by the defendant is considered, it could not be ruled or found that the judgment in the former action included liability for payments due on October 27, 1937, or thereafter, or that it was a bar to recovery of such payments in the present action. See *Waterhouse* v. *Levine,* 182 Mass. 407; *Corbett* v. *Craven,* 193 Mass. 30, 36–37; *Electrelle Co.* v. *Maguire,* 215 Mass. 550, 551; *Cutter* v. *Cutter,* 226 Mass. 196, 198. No ruling was requested relating to the effect of this judgment upon recovery in the present action of payments due before October 27, 1937, and the report shows that the finding for the plaintiffs included no such payments.

It follows from what has been said that there was no error of law in the denial of the defendant's requests for rulings. They need not be discussed separately. And the admission of evidence objected to by the defendant, at least, was not prejudicial to him.

*Order dismissing report affirmed.*