434 P.2d 645

James R. BYRER and Mary C. Byrer, his wife, Daniel Inselberg and Dorothy Inselberg, his wife, J. J. Molinar, and Frank G. Pina, Petitioners,

v.

A. B. ROBBS TRUST COMPANY, real party in interest, William H. Gooding, Judge of the Superior Court in Maricopa County, Respondents.

No. 9016.

Supreme Court of Arizona,
In Banc.
Dec. 13, 1967.

Standage & Allen, Mesa, for petitioners.
Murphy, Posner & Franks, Phoenix, for respondents.

LOCKWOOD, Justice:

Petitioners Byrer, et al., sought a writ in this Court to prohibit the Superior Court

of Maricopa County from entering certain supplemental judgments against petitioners. After an examination of this petition, and following a hearing, we chose to treat the petition as one for certiorari, entering our order granting the petition on May 23, 1967. The facts giving rise to this controversy are as follows.

A. B. Robbs Trust Company (hereafter plaintiff) executed its notes and mortgages to the Greater Arizona Savings and Loan Association on thirteen parcels of real estate located in Maricopa County, Arizona. Plaintiff subsequently conveyed these encumbered parcels to the defendants-petitioners (hereafter defendants) by a warranty deed with the plaintiff-grantor, and defendants-grantees, affixing their signatures to this deed. The deed recited the existing mortgage encumbrances, and provided that:

"The undersigned Grantees, by acceptance hereof, assume and agree to pay all liens and encumbrances and indemnify and agree to hold Grantor harmless from any obligation under such liens."

Greater Arizona Savings acceded to this conveyance.

Plaintiff subsequently brought an action in the Superior Court, alleging that "the monthly installments due on the mortgages described in said warranty deed on September 15, 1966, October 15, 1966 and November 15, 1966 have not been paid and are now due and owing". The prayer of the complaint asked for judgment against the defendants "for all monthly payments, attorney's fees, and court costs incurred or due and owing as of the date of entry of judgment". Further, it prayed that the total amount due and owing be declared a valid lien upon the properties, and that the court order foreclosure of "all right, title, claim or interest of each of the defendants in said mortgaged properties", and order that the sheriff sell the properties to satisfy the judgment prayed, and that the court reserve:

"* * * jurisdiction to enter supplemental judgments from time to time

against the defendants * * * for monthly payments becoming due and owing on said notes and mortgages together with attorneys' fees and court costs accruing following the entry of the preceding judgment."

Defendants were served with summons, did not answer, and on December 13, 1966, defendants' default for failure to answer was entered. On January 13, 1967, plaintiff filed and served its notice of intention to take a default judgment. The defendants subsequently filed motions to dismiss the complaint and motions to set aside the entry of default. These motions were based, respectively, on defendants' contentions that plaintiff had failed to plead a statute or contract entitling plaintiff to attorney's fees, and that plaintiff's claim based on subrogation could not stand in the absence of an allegation that the debt was paid by plaintiff before the complaint was filed.

The Superior Court on January 25, 1967, held a hearing on the case, the defendants' motions were denied after argument, and judgment of default was entered for plaintiff. The judgment granted to plaintiff the sum of $2,679.65 in accord with an affidavit of plaintiff as to the amount in arrears, awarded costs, and awarded plaintiff the sum of $900.00 for attorney's fees. The judgment also declared, and foreclosed, the prayed for lien, and ordered that a sheriff's sale be held in the event defendants did not redeem within thirty days.

On February 16, 1967, plaintiff gave notice to defendants of a hearing on its application for taking another default judgment. The parties appeared before the court commissioner for this hearing, and defendants objected to the entry of any such judgment. The commissioner found that defendants had no standing to contest the entry since they were all in default. On February 21, 1967, the commissioner entered a second written judgment for the monthly installments which had accrued since December 15, 1966,

awarded attorney's fees in the sum of $100.00, declared that plaintiff had a first lien on the properties, and ordered a foreclosure and sale of the properties; the judgment also entitled the plaintiff to apply from time to time for "additional judgments for such additional sums as they become due and owing".

The properties were sold at sheriff's sale on February 23, 1967 pursuant to the January 25, 1967 judgment. Plaintiff was the successful purchaser at the sale; a deficiency of over $500.00 resulted. Defendants on March 16, 1967 gave notice of appeal to the Court of Appeals, Division I from the original judgment of January 25, 1967. Presumably it raises questions not involved herein.

We hold that the court exceeded its jurisdiction in entering the judgment of February 21, 1967. In all cases where a simple installment contract is pleaded, and the damages prayed are installments past due and owing, it is clearly beyond the scope of a superior court's jurisdiction under the original complaint to render later judgments as future installments come due. The original complaint states but one cause of action for all installments due at the time of the entry of judgment. Markota v. East Ohio Gas Co., 154 Ohio St. 546, 97 N.E.2d 13 (1951); Watson v. Berman, 302 Mass. 305, 19 N.E.2d 43 (1939). Without plaintiff properly commencing its claim for installments accruing after December 15, 1966, by filing a new complaint, the court is without jurisdiction to proceed to determine those claims. See 1 Am.Jur.2d, Actions, § 138 (1962).

The judgment of February 21, 1967 is hereby vacated.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER, and UDALL, JJ., concur.