MacLeod-Mancuso, Bonnie H., J.
This matter is before the Court on Defendant HNW Digital, Inc.’s (HNW) motion for summary judgment, pursuant to Mass.R.Civ.P. 56, against Plaintiff Commonwealth Development, LLC (Commonwealth). On May 12, 2003, the Newton District Court (Klein, J.) entered a Summary Process Judgment for Possession and Rent that awarded Commonwealth possession of the property in dispute and $38,045.24 in damages. On November 18, 2005, Commonwealth filed suit in this Court to collect future rent payments due under the same commercial lease agreement that was involved in the Newton District Court. HNW seeks summary Judgment, arguing that res judicata is a bar to Commonwealth’s suit. For the reasons stated below, HNWs motion for summary judgment is ALLOWED.

BACKGROUND

In August 2000, HNW leased commercial real estate from Commonwealth at One Gateway Center in Newton, Massachusetts. In the summer of 2002, HNW failed to pay rent due under the lease and Commonwealth applied HNWs security deposit towards its lease payments. That October, both parties entered into an “Agreement for Judgment for Possession and Liability,” which provided that “Final Judgment shall enter against the Defendant [HNW] pursuant to and following an assessment of damages at the Plaintiffs [Commonwealth’s] request.” In March 2003, HNW completely stopped paying rent and vacated the premises.
In April 2003, Commonwealth filed a summary process complaint in Newton District Court, alleging a breach of the lease and seeking possession and money damages. Commonwealth sought $38,000 in current outstanding rent and $500,000 for all future rent due on an accelerated basis.[2] On May 1, 2003, the Newton District Court entered a Summary Process Finding, which stated that the possession of the premises lay with Commonwealth and that HNW owed Commonwealth $38,045.24. The special conditions space on the Summary Process Finding form was left blank. On May 12, 2003, the court issued a Summary Process Judgment for Possession and Rent. The judgment awarded $38,054.24 to Commonwealth, and stated; “It is further ordered, that the above-named plaintiff(s) be awarded the sums noted below, for unpaid rental payments, costs and/or fees of this action.” Commonwealth contends that this amount represents the rent due as of May 2003. The court also issued a Writ of Execution on Money Judgment and for Possession of Premises, which stated the damages to be $38,054.24. The Writ of Execution did not mention future rent. HNW has not yet paid any portion of the Newton District Court judgment.
On November 18, 2005, Commonwealth filed suit in this Court, alleging breach of the lease and seeking money damages for future rent according to the lease agreement.[3] HNW now seeks summary judgment based on the doctrine of res judicata.[4]

DISCUSSION

Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(C); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that *328 the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991).
The doctrine of res judicata stands for the principle that a judgment on the merits by a court of competent jurisdiction will bar relitigation, in a subsequent suit for the same claim or cause of action between the same parties, of any issues that were or might have been litigated in the first case. Dowd v. Morin, 18 Mass.App.Ct. 786, 793-94 (1984); see Restatement (Second) of Judgments §27 (1982). “The statement of a different form of liability is not a different cause of action, provided it grows out of the same transaction, act or agreement, and seeks redress for the same wrong.” Mackintosh v. Chambers, 285 Mass. 594, 596 (1934); Bradford v. Richards, 11 Mass.App.Ct. 595, 598 (1981). Further, the law of res judicata expects the parties to present their “entire controversies” when given the capacity to do so. Bradford, 11 Mass.App.Ct. at 600, quoting Restatement (Second) of Judgments §61, Comment a. “A party cannot avoid the rule by attempting to relitigate a claim ‘from a different posture or in a different procedural form.’ ” Dowd, 18 Mass.App.Ct. at 794 (quotation and citations omitted). “The burden of establishing the defense of prior adjudication [is] on the defendant.” Watson v. Berman, 302 Mass. 305, 307 (1939).
Here, HNW argues that res judicata bars Commonwealth’s breach of lease claim in which it seeks future rent payments because the Newton District Court already adjudicated Commonwealth’s right to future rent payments when it issued the Summaiy Process Judgment for Possession and Rent. HNW contends that because Commonwealth’s Summaiy Process Complaint included a demand for “$538,754.27 rent. . . owed,” and the Summaiy Process Judgment did not carve out a provision allowing Commonwealth to seek future rent in a later action, Commonwealth is precluded from relitigating that issue.
Commonwealth claims that the issue of future rent was not decided by the Newton District Court as evidenced by the plain language of the Summaiy Process Judgment, which stated: “It is further ordered, that the above-named plaintiff(s) be awarded the sums noted below, for unpaid rental payments, costs and/or fees of this action” (emphasis added). In addition, the lease agreement specifically provides for successive actions, reserving Commonwealth’s right to seek payment at any time. Commonwealth also contends that the issue of future rent was not ripe at the time of the Newton District Court action, and damages were too speculative for that court to ascertain.
This Court agrees with HNW. Based on the four corners of the Summaiy Process Complaint, Finding, Judgment, and Execution, summaiy judgment should be granted.[5] The issues before the Newton District Court were possession and liability. In its Summary Process Complaint, Commonwealth demanded $538,754.27, an amount which represented past rent due along with future rent. The court entered judgment for Commonwealth for possession of the premises, and for $38,054.24 in damages.
Like the Newton District Court proceeding, this case involves the same parties, the same claims, and the same remedy. It is undisputed that the same parties are present in both suits and that both cases arise from the same commercial lease agreement. This Court finds that Commonwealth also seeks the same remedy as sought in the prior action, rent due under the lease agreement. Commonwealth made a strategic choice to demand future rent in its Summaiy Process Complaint, even though it was not obligated to do so under the lease agreement.[6] Because Commonwealth sought future rent payments and failed to reserve the right to collect those payments in a later action, it is precluded from relitigating that issue. As a consequence, summaiy judgment is now appropriate.

ORDER

For the reasons stated above, it is ORDERED that HNW Digital, Inc.’s motion for summaiy judgment is ALLOWED.

The Summary Process Complaint stated: “That $538,754.27 rent is owed . . .”

The Lease Agreement stated in section 15.2:
Damages - Termination. Upon termination of this Lease under the provisions of this Article, Tenant shall pay to Landlord the Rent payable by Tenant to Landlord up to the time of such termination, shall continue to be liable for any preceding breach of covenant, and in addition, shall pay to Landlord as damages . . .
Suit or suits for the recovery of such damages, or any installments thereof, may be brought by Landlord from time to time at its election, and nothing contained herein shall be deemed to require Landlord to postpone suit until the date when the term of this Lease would have expired if it had not been terminated hereunder.
Nothing herein contained shall be construed as limiting or precluding the recovery by Landlord against Tenant of any sums or damages to which, in addition to the damages particularly provided above, Landlord may lawfully be entitled by reason of any default hereunder on the part of Tenant.

HNW previously filed a motion to dismiss based on the doctrine of res judicata, which the Court denied on June 12, 2006.

Both parties submitted affidavits which exhibit a general sense of confusion concerning what issues were decided by the Summary Process Finding and Judgment by the Newton District Court. The misunderstanding between the parties should have been resolved by a motion for clarification with the Newton District Court.

Commonwealth now argues that the issue of future rent was not ripe for the Newton District Court to decide and that any damages would have been speculative at that time. This Court disagrees based on Commonwealth’s own demand for future rent on an accelerated basis in that court. If Commonwealth wanted to pursue future rent in a successive action, it should not have demanded future rent in its Summary Process Complaint or, having done so, it ought to have made sure that the Judgment reflected that the issue of future rent was specifically not adjudicated in that proceeding but “left for another day,” or similar language so as to allow for further proceedings on that issue.