CYNTHIA E. SANDFORD *vs.* BELLE WRIGHT & another.

Plymouth.    March 11, 1895. — June 21, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Creditor's Bill — Judgment — Two Suits for the same cause of Action — Equity Jurisdiction — Statute — Amendment.*

A debt need not be reduced to a judgment'in order to maintain a bill in equity, under Pub. Sts. c. 151, § 2, cl. 11, and St. 1884, c. 285, to reach and apply in payment of a debt property of the debtor which cannot be attached or taken on execution at law.

A bill in equity, under Pub. Sts. c. 151, § 2, cl. 11, and St. 1884, c. 285, on a legal cause of action, should set out the cause of action as specifically as is required in an action at law.

While a court of law will not permit a defendant to be vexed at the same time, in the same jurisdiction, by the prosecution of two suits for the same cause of action by the same plaintiff, a court of equity, instead of dismissing the second

suit, usually permits the plaintiff to elect which suit he will proceed with, and when the plaintiff has brought an action at law and afterwards a suit in equity, if the plaintiff·elects to discontinue the action at law, he usually is permitted to prosecute the suit in equity.

Whether a bill in equity, under St. 1884, c. 285, to reach and apply property of a debtor in payment of a debt, will lie when the claim is for less than twenty dollars, *quære.*

BILL IN EQUITY, under Pub. Sts. c. 151, § 2, cl. 11, and St. 1884, c. 285, against Belle Wright and the Soule Piano and Organ Investment Company, a corporation, to reach and apply, in payment of a debt alleged to be due to the plaintiff from the first named defendant for board and lodgings, certain sums of money which may become payable to her from the above named corporation upon certain contingencies which may occur in the future. Trial in the Superior Court, upon the bill and demurrer of the defendant Wright, before *Dunbar*, J., who sustained the demurrer; and the plaintiff appealed to this court. The facts appear in the opinion.

The case was submitted on briefs to all the judges.

*C. F. Chamberlayne*, for the plaintiff.

*F. E. Sweet*, for the defendant Wright.

FIELD, C. J. There is nothing in the first or second grounds of demurrer. The debt need not be reduced to a judgment in order to maintain a bill in equity like the present under the statutes, which give a remedy in equity to reach and apply in payment of a debt property of the debtor which cannot be attached or taken on execution at law.

The third ground of demurrer is, that it appears by the bill that there is an action at law pending in this Commonwealth between the same parties for the same cause of action, and that it is not "just or equitable that the said defendant shall be held to answer both suits concurrently."

The bill of complaint alleges that the principal defendant is indebted to the plaintiff in certain sums of money for board and lodgings furnished her, etc.; that a suit at law to recover said sums of money has been brought by the plaintiff against the defendant by trustee process in the Police Court of the city of Brockton, and that the trustee has made answer that there was due from the trustee to the defendant a sum of money less than the plaintiff's claim; and the bill is brought to reach certain

other sums which may become payable to the defendant from the trustee upon certain contingencies which may happen in the future. A bill of this nature on a legal cause of action should set out the cause of action as specifically as is required in an action at law. This bill contains no specifications whatever of the sums due for board and lodgings, or of how much board or what lodgings were furnished, or when they were furnished. If the demurrer had been put upon this ground, it must have been sustained; but this defect is a matter capable of amendment, and the Superior Court probably would have permitted the plaintiff to amend, upon terms or without terms, if this objection had been taken.

If the two suits were actions at law, and if the pendency of the former action had been pleaded in abatement in the second suit, that suit necessarily would abate, as the suits are both pending in the same jurisdiction. A court of law will not permit a defendant to be vexed at the same time, in the same jurisdiction, by the prosecution of two suits for the same cause of action by the same plaintiff. A court of equity will not permit this to be done; but, instead of dismissing the second suit, it usually permits the plaintiff to elect which suit he will proceed with, and when the plaintiff has brought an action at law and afterwards a suit in equity, if the plaintiff elects to discontinue the action at law, he usually is permitted to prosecute the suit in equity. *Colt* v. *Partridge*, 7 Met. 570. *Sears* v. *Carrier*, 4 Allen, 339. *Connihan* v. *Thompson*, 111 Mass. 270. *Insurance Co.* v. *Brune*, 96 U. S. 588. In the present case, we think that the demurrer should be sustained on the third ground taken, unless the plaintiff elects to discontinue the action at law. Upon proof, however, to the satisfaction of the Superior Court, that she has done this, the demurrer may be overruled, provided the plaintiff will amend her bill so as specifically to state her cause of action.

The fourth ground of the demurrer is, that it does not appear that the amount involved is sufficient to warrant the Superior Court in taking cognizance of the case. When this court had exclusive jurisdiction in equity it declined to take cognizance of such a bill as the present when the debt claimed did not amount to one hundred dollars. The St. 1884, c. 285, provided that a bill in equity of this kind may be maintained, although the plain-

tiff's debt does not amount to one hundred dollars. It does not, however, follow from this statute, that this court or the Superior Court is required to entertain a bill in equity when brought upon a claim of a very trifling sum, such as one cent or one dollar. By the neglect of the plaintiff specifically to state her cause of action, we do not know what the amount of her claim is. If this suit is prosecuted, and it should appear that the claim is for less than twenty dollars, it may be necessary to consider whether a bill for so small an amount ought to be entertained by the Superior Court; but this question is not now before us. The entry must be " Demurrer to be sustained and bill to be dismissed," unless the plaintiff discontinues her suit at law and obtains leave of the Superior Court to amend her bill by specifically setting out her cause of action, when the entry may be made by that court of " Demurrer overruled."                    *So ordered.*