WILLIAM H. COREY *vs.* GEORGE H. TUTTLE,
administrator, & others.

Middlesex.    March 4, 1924. — May 21, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Equity Pleading and Practice*, Election between action at law and suit in
equity, Plea, Appeal, Decree.

G. L. c. 231, § 132, although not expressly applicable to suits in equity,
is adopted in equity in the interest of uniformity and simplicity.

While a pleading, entitled, " Motion to Require Plaintiff to Elect," and
setting forth as a ground of the motion that an action at law previously
had been brought by the plaintiff for the same cause of action, is un-
known to equity practice and is improper, where a record in this court
recited that there was a hearing on the motion and does not disclose
that the question of pleading was raised, the substantial rights of the
parties do not appear to have been affected by the want of conformity
to correct equity pleading, and the case was considered on its merits.

After a hearing on the " Motion to Require the Plaintiff to Elect," above
described, an order was entered, "Heard. Allowed. Let plaintiff
elect as prayed on or before " a certain date. No appeal was taken
from that order. Nearly a month after the time therein set for an
election by the plaintiff, a final decree was entered reciting that the
cause came on to be heard " upon a motion for final decree because of
the failure of the plaintiff to elect on or before . . . [the designated
date] in accordance with order of court," and concluding, " it is hereby
ordered, adjudged and decreed: That a final decree be and hereby is
entered of ' bill dismissed with costs to the defendant ' " in a designated
sum. The plaintiff appealed from the final decree. *Held*, that the
appeal from the final decree opened the question of the propriety of
the order directing the election so far as it affected the merits of the
case and the ultimate rights of the parties.

While, strictly and technically speaking, a suit in equity does not abate
by reason of the pendency of an action at law for the same cause of
action, it is the duty of the court, when the pendency of such an action
at law is raised in a suit in equity by proper proceedings, to determine,
after an examination of the merits in this particular, whether the de-
fendant is in truth being doubly vexed by the contemporaneous prose-
cution of both proceedings and to make an appropriate order to do
justice to both parties.

The record before this court on the appeal above described did not contain
a report of evidence before the judge at the hearing, and it was *held*,
that

(1) It must be assumed, in the absence of anything in the record to
indicate the contrary, that the judge made the inquiry required by the
circumstances;

(2) The correctness of his decision so far as it rested on the evidence or the statements taken in lieu of evidence was not open to revision.

The hearing above described being in a suit in equity, it was proper for the trial judge to hear evidence or to take oral statements or admissions to determine whether the suit in equity and the action at law were for the same cause of action.

On the appeal above described, it was *held,* that the record disclosed that the remedy open to the plaintiff in equity, although different from that open in the action at law, did not change the nature of the cause of action; and that the order of court requiring election properly was made.

The final decree in the circumstances above described should not have directed the dismissal of the bill with costs, but should have directed its dismissal without prejudice; and, since the plaintiff was right in bringing the case before this court for the correction of that error, it *was ordered* that the decree be reversed and that a new decree be entered dismissing the bill without prejudice and awarding the plaintiff costs of the appeal less the costs taxed for the defendant in the earlier decree.

BILL IN EQUITY, filed in the Superior Court on September 7, 1923, and described in the opinion.

The "Motion to Require Plaintiff to Elect," an interlocutory decree thereon, and a final decree dismissing the bill, entered by order of *Wait,* J., are described in the opinion. The plaintiff appealed.

*P. H. Kelley,* for the plaintiff.

*S. D. Elmore,* for the defendant.

RUGG, C.J.    This is a suit in equity in the Superior Court in Middlesex County.    The bill alleges that the defendants brought a suit in equity against the plaintiff, wherein a decree was entered ordering the plaintiff to convey to the defendants certain parcels of land on the ground that he had procured the same by fraud from one Ann Tuttle, and also establishing indebtedness due from him to Ann Tuttle for $2,613.31, for which execution issued and levy was made thereon on property of the plaintiff; that said decree was entered pursuant to the findings of a master, who also found as disclosed by his report that there was due to the plaintiff from said Ann Tuttle $4,000 for services rendered to her for the period between January 1, 1906, and April 5, 1921, by the plaintiff independently of the debt of $2,613.31, and that through ignorance the plaintiff failed to file a cross bill or to avail himself in any way of the benefit of said finding,

and that, the master's report having been confirmed and all exceptions thereto overruled, the plaintiff is entitled to the benefit of the finding of such indebtedness due to him from Ann Tuttle. There are prayers for several forms of relief. The bill was filed on September 7, 1923. The defendants filed on September 18, 1923, a " Motion to Require Plaintiff to Elect." This motion set out that " there is now pending in the Superior Court for Middlesex county an action at law against the defendant George H. Tuttle, administrator of the estate of Ann Tuttle, for the same cause of action as that set forth in the within bill in equity, to wit, — services rendered from January 1, 1906, to April 5, 1921," concluding with a prayer that the plaintiff be required to elect whether he will prosecute the action at law or the bill in equity, and " that the proceeding which the plaintiff shall not elect to proceed with be dismissed." The record concerning this motion is under date of October 4, 1923, " Heard. Allowed. Let plaintiff elect as prayed on or before October 27, 1923." No appeal was taken from this order. On November 21, 1923, a final decree was entered reciting that the cause came on to be heard " upon a motion for final decree because of the failure of the plaintiff to elect on or before October 27, 1923, in accordance with order of court," and concluding, " it is hereby ordered, adjudged and decreed: That a final decree be and hereby is entered of ' bill dismissed with costs to the defendant in the sum of $8.49 and that execution issue therefor.' " The plaintiff's appeal brings the case here.

The pleading entitled " Motion to Require Plaintiff to Elect " is unknown to equity practice. It was improper. The facts therein stated should have been embodied in a plea in abatement. But the record recited that there was a hearing on the motion. That simple recital in such connection as this here disclosed imports that the party against whom the decision was rendered had ample opportunity to present for the court's consideration whatever he desired. *Parker* v. *Lewis J. Bird Co.* 221 Mass. 422. It is provided by G. L. c. 231, § 132, that no new trial shall be granted in any civil action " for any error as to any matter of pleading or procedure " if this court " deems that the error complained

of has not injuriously affected the substantial rights of the parties." This statute, although not expressly applicable to suits in equity, is adopted in equity in the interest of uniformity and simplicity. *Day* v. *Mills,* 213 Mass. 585, 587. *Strout* v. *United Shoe Machinery Co.* 215 Mass. 116, 119. *Attorney General* v. *Pelletier,* 240 Mass. 264, 306. *Albiani* v. *Evening Traveler Co.* 220 Mass. 20. *Noyes* v. *Gagnon,* 225 Mass. 580. *Reynolds* v. *Missouri, Kansas & Texas Railway,* 228 Mass. 584.

It seems apparent from this record that the same result would have been reached if the technically correct pleading of a plea in abatement had been filed instead of the anomalous motion. It would have been as easy for the plaintiff to protect his rights as the case stands, by requests for rulings or otherwise, as if the pleading had been as it ought to have been. The substantial rights of the parties have not been affected by the want of conformity to correct equity pleading.

The case is considered on its merits. Although no appeal was taken from the order of October 4, 1923, it is open for consideration now on appeal from the final decree so far as it affects the merits of the case and the ultimate rights of the parties.

Strictly and technically a suit in equity does not abate by reason of the pendency of an action at law for the same cause of action. A court of law usually will not permit a defendant to be vexed by two actions for the same cause in the same jurisdiction by the same plaintiff. Where an action at law is followed by a suit in equity for the same cause, a court of equity permits the plaintiff to elect which he will prosecute and to discontinue the other. When such a question is raised it is the duty of the chancery court to determine, after an examination of the merits in this particular, whether the defendant is in truth being doubly vexed by the contemporaneous prosecution of both proceedings and to make an appropriate order to do justice to both parties. *Sandford* v. *Wright,* 164 Mass. 85. *Spear* v. *Coggan,* 223 Mass. 156. *Consolidated Ordnance Co.* v. *Marsh,* 227 Mass. 15, and cases there collected. It must be assumed, in the absence of anything on the record to indicate the contrary, that the court

made that inquiry in the case at bar and entered the order of October 4, 1923, requiring an election to be made by the plaintiff, as a result of the conclusions reached at such inquiry. Such an order was in conformity to the principles of the cases last cited. In the absence of a report of the evidence, there is nothing to suggest that it was not justified by what appeared at the hearing. The correctness of that decision, so far as it rests on evidence or statements taken in lieu of evidence, is not open to revision since no evidence is reported. Since this was a suit in equity, the court might hear evidence or take oral statements or admissions to determine whether the suit in equity and the action at law were in truth for the same cause of action. Indeed, the course of argument at the bar affords strong indication that the underlying cause of action in the two was the same, namely, the services rendered by the plaintiff to Ann Tuttle. The allegations of the bill respecting the finding of the master on this subject and its affirmation by the court do not go so far as to merge the original cause of action in a judgment. The remedy open to the plaintiff in equity, although different from that open in the action at law, does not change the nature of the cause of action. There is no error of law on the record in any of these particulars.

The final decree dismisses the bill with costs. That decree imports a final decision against the plaintiff on the merits of the bill. That is wrong. There was no hearing on the merits and hence there could have been no adjudication of the merits. In view of the record, the only decree which rightly could have been entered was one dismissing the bill without prejudice. *Lakin* v. *Lawrence*, 195 Mass. 27. Since the plaintiff was right in bringing the case here for the correction of that vitally important error, he may recover the costs of this appeal. The decree is to be reversed and new decree entered in conformity with this opinion.

*So ordered.**

---

* The rescript read: " Decree reversed. New decree to be entered dismissing bill without prejudice and awarding plaintiff costs of this appeal less the costs taxed for the defendant in old decree."