GEORGE J. ALPERT *vs.* MERCURY PUBLISHING COMPANY.

·Bristol.    October 28, 1929. — June 30, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Commencement of action, Jury claim, Discontinuance, Abatement. *Judgment.*

A plaintiff will not commonly be allowed to prosecute an action when there is pending another action for the same cause between the same parties, especially when the two cases are pending in the same court; relaxation of this rule has been confined to instances where the second action has been justified by reason of defects or peculiar conditions in the former one, or of the broader relief available in the second form of action. Per RUGG, C.J.

Neither party to an action, brought in the Superior Court and returnable in a county other than Suffolk, claimed a trial by jury. After issue had been joined and the action had been placed on the list for trial, at which time the defendant was prepared for trial, the plaintiff filed a motion that the action be tried by a jury, alleging that his previous failure to claim trial by jury was due to oversight in his counsel's office. The motion was denied. The plaintiff immediately on December 6 filed a discontinuance of the action and, on the same day, sued out another writ against the same defendant for the same cause and returnable to the same court, claiming trial by jury. The second action duly was entered. The defendant filed a plea in abatement therein on the ground that, when it was commenced, there was an action pending in the same court for the same cause. The plea was sustained. *Held,* that

(1) Although the plaintiff as of right could discontinue the first action at the time in question, the mere filing of the discontinuance did not terminate it: it was not ripe for judgment until the first Monday of the following month and was pending until that time;

(2) The second action was commenced on the date of the writ therein;

(3) The disposition of the plaintiff's motion for a trial by jury in the first action rested in the discretion of the judge who heard it; and no abuse of discretion was apparent in its denial;

(4) There was no justification for the attempt by the plaintiff to circumvent the denial of the motion;

(5) The circumstances of the first action were not such as to warrant a relaxation of the rule that a plaintiff may not prosecute an action when there is pending in the same court another action against the same defendant and for the same cause;

(6) The plea in abatement properly was sustained.

TORT.   Writ dated December 6, 1927.

In the Superior Court, the defendant filed a plea in abatement in the circumstances described in the opinion. The plea was heard by *Greenhalge*, J., and was sustained. The plaintiff alleged exceptions.

*H. W. Radovsky* (*D. R. Radovsky* with him,) for the plaintiff.

*E. L. Marchant*, for the defendant.

RUGG, C.J.   This is an action of tort.   The plaintiff alleges that on December 14, 1926, the defendant published a false and malicious libel concerning him.   By writ dated February 10, 1927, the plaintiff brought an action against the defendant for the same cause of action.   That action was entered in court, issue was joined, the case marked for trial by the plaintiff and was on the list for trial on December 6, 1927, and the defendant was then prepared for trial.   Neither party had claimed trial by jury.   The plaintiff thereupon made motion that the cause be tried by jury, alleging that no claim therefor had been made through an oversight or clerical error originating in the office of counsel.   That motion was heard and denied.   The plaintiff immediately discontinued that action and afterwards on the same day brought the present action, claiming trial by jury, which was entered in court on the first Monday of January, 1928, together with a declaration alleging the same libel as was set out in the earlier action.   The defendant duly filed a plea in abatement, setting out in substance that at the time the present action was commenced there was an action pending in the same court for the same cause of action.   An order was entered sustaining the plea and dismissing the case.   The plaintiff filed a bill of exceptions.

The plaintiff had a right to file a discontinuance of his first action at law on December 6, 1927. *Derick* v. *Taylor*, 171 Mass. 444. *Earl Carpenter & Sons Co.* v. *New York,*

*New Haven & Hartford Railroad,* 184 Mass. 98. *Marsch* v. *Southern New England Railroad,* 235 Mass. 304, 307. See *Keown* v. *Keown,* 231 Mass. 404, 407. He was not required to secure the consent or approval of the court. Mere placing of a discontinuance on the files of the court did not operate to put an end to the action. It did not then go to judgment. There being no special or general order of the court to the contrary, the case was not ripe for judgment until ten o'clock in the forenoon of the first Monday of the following month. It went to judgment in favor of the defendant on that date, being the first Monday of January, 1928. G. L. c. 235, § 1. Common Law Rule 56 of the Superior Court (1923). *Boston Bar Association* v. *Casey,* 227 Mass. 46, 51. Since the case did not go to judgment until the first Monday of January, 1928, it was pending up to that time. Amendments in matter of form or substance might have been allowed by the court until then. G. L. c. 231, § 51. *Pizer* v. *Hunt,* 253 Mass. 321, 330–331. The power of the court in this particular continues until final judgment. Up to that time the plaintiff might have been allowed by permission of court upon good cause shown to withdraw his discontinuance and otherwise to amend his pleadings or process. Therefore the case must have been alive and pending up to that time. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 19. See *Donovan* v. *Danielson,* 263 Mass. 419, 424. The case at bar is distinguishable from *Meredith* v. *Wall,* 14 Allen, 155. Costs were to be taxed by the clerk of the court, on which there might be a hearing and further litigation. G. L. c. 261, §§ 19, 20, 10. *Carchidi* v. *Kalayjian,* 264 Mass. 230. Although there may be diversity of view on this point in other jurisdictions, this conclusion is supported by *Evans* v. *Johnston,* 115 Cal. 180; *Crossman* v. *Universal Rubber Co.* 131 N. Y. 636.

The second action was begun on the date of the writ, December 6, 1927. *Richardson* v. *Greenhood,* 225 Mass. 608, 609. *Rosenblatt* v. *Foley,* 252 Mass. 188. A plaintiff will not commonly be allowed to prosecute an action when there is pending another action for the same cause between

the same parties. *Commonwealth* v. *Churchill*, 5 Mass. 175. *Corey* v. *Tuttle*, 249 Mass. 135, 138 and cases cited. There is strong ground for the application of that principle when the two cases are pending in the same court. The underlying principle resting on both justice and wisdom is that a party ought not to be vexed by the pendency at the same time of two actions for the same cause at the instance of the same plaintiff. This principle was formerly enforced with great strictness. Modern relaxation of this strictness has been confined to instances where the second action has been justified by reason of defects or peculiar conditions in the former one, or to the broader relief available in the second form of action. *Manufacturers' Bottle Co.* v. *Taylor-Stites Glass Co.* 208 Mass. 593, 595–596. *Spear* v. *Coggan*, 223 Mass. 156, 158. *Consolidated Ordnance Co.* v. *Marsh*, 227 Mass. 15, 20. It is plain that there were no defects, peculiar conditions or narrowness of relief attendant upon the earlier action by this plaintiff which justified the bringing of the second action. Failure by the plaintiff seasonably to file claim for trial by jury was a waiver of that right. Whether the subsequent motion for a trial by jury ought to be granted rested entirely within the discretion of the court. *Bailey* v. *Joy*, 132 Mass. 356. That discretion appears not only not to have been abused but to have been properly exercised in denying such motion in the circumstances here disclosed. Every right of the plaintiff would be fully secured by trial of his cause before the judge without a jury. There was no justification for attempting to circumvent the decision of the judge denying the motion for trial by jury. The case at bar presents no circumstances for a further relaxation of the rule in favor of requirements of manifest justice. *Dolber* v. *Young*, 81 N. H. 157, 159. The maneuver here undertaken was justly dealt with by sustaining the plea in abatement.

*Exceptions overruled.*