THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK
*vs.* THERESA J. ROYAL.

THERESA J. ROYAL *vs.* THE MUTUAL LIFE INSURANCE
COMPANY OF NEW YORK.

Suffolk.   Worcester.   September 25, 1934. — September 11, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Practice, Civil,* Abatement, Trial with suit in equity. *Insurance,* Life: conditions. *Evidence,* Admission, Presumptions and burden of proof, Of health. *Res Judicata. Equity Pleading and Practice,* Trial with action at law.

In an action at law by the beneficiary of an insurance policy against the insurer, an answer in abatement alleging the pendency of a suit in equity to cancel the policy brought by the insurer against the beneficiary, rightly was overruled.

A written statement made by the beneficiary of a life insurance policy to the insurer in making claim under the policy did not bind him and might be contradicted by his and other testimony at the trial of an action on the policy.

The evidence at the trial of an action upon a life insurance policy warranted a finding that the insured, who died of a ruptured appendix and peritonitis about two weeks after the policy was issued, was in good health at the time of its issuance.

Where an action at law upon an insurance policy and a suit in equity
by the insurer to cancel the policy both involved the same issue of
fact and were fully heard together upon that issue, a finding for the
plaintiff in the action at law concluded the facts in his favor and
required dismissal of the suit in equity.

BILL IN EQUITY, filed in the Superior Court on June 20,
1932.

CONTRACT. Writ dated November 29, 1932.

The proceedings are described in the opinion. The cases
were heard in the Superior Court by *Donnelly*, J.

*G. Hoague*, for The Mutual Life Insurance Company of
New York.

*J. E. Casey*, for Theresa J. Royal.

RUGG, C.J. These two cases were heard together by
agreement of parties before a judge of the Superior Court.
The first is a suit in equity brought on June 20, 1932, pray-
ing for the cancellation of a policy of insurance issued on
the life of Albert L. Royal who died on April 20, 1932. The
second is an action at law on that policy of insurance
brought on November 29, 1932, by the beneficiary, who is
the defendant in the first case. One term of the policy of
insurance was that it should not take effect unless delivered
and received and the first premium paid while the insured
was in good health. At the trial the issue in each case was
the same, namely, whether the insured was in good health
on April 7, 1932, when the policy was delivered and the
first premium paid. In the action at law the insurer filed
an answer in abatement setting up the pendency of the
suit in equity and also an answer to the merits. The answer
in abatement was overruled. The trial judge found for the
plaintiff in that case. That case comes before us on excep-
tions by the insurer to the overruling of the answer in abate-
ment, and to the denial of a request for a finding in its
favor and other requests. In the suit a final decree was
entered dismissing the bill, from which the insurer appealed.

1. The answer in abatement was properly overruled. The
pendency of a suit in equity is not usually sufficient ground
for sustaining an answer in abatement to an action at law.
This is especially true where the plaintiff in each case is not

the same.    *Colt* v. *Partridge,* 7 Met. 570, 576.    *Mattel* v. *Conant,* 156 Mass. 418, 424.    *Powers* v. *Heggie,* 268 Mass. 233, 239.    There is nothing at variance with this principle in *Alpert* v. *Mercury Publishing Co.* 272 Mass. 39.    Although the issues raised in each of these two cases are the same, the plaintiffs are different, the relief sought is dissimilar and the plaintiff in the action at law cannot obtain in the suit in equity a money judgment.    This is not a case where equity and law have concurrent jurisdiction to the same end.    *Hoare* v. *Bremridge,* L. R. 8 Ch. 22.    The statement in *Morin* v. *Ellis,* 285 Mass. 370, 373, that when "there is concurrent jurisdiction at law and in equity the general rule is that the court which first acquires jurisdiction must decide the case," therefore is not applicable.    Cases like *Nash* v. *McCathern,* 183 Mass. 345, 347, 348, and *Phillips* v. *McCandlish,* 239 Mass. 301, 305, are not controlling.

2.    The ruling by the trial judge was right that the plaintiff in the action at law must show compliance with the condition of the policy that it should become effective only if delivered and the first premium paid while the insured was in good health.    *Fondi* v. *Boston Mutual Life Ins. Co.* 224 Mass. 6, and cases cited.    *Carroll* v. *Metropolitan Life Ins. Co.* 258 Mass. 249, 253.    *Larsen* v. *Metropolitan Life Ins. Co.* 289 Mass. 573, 576.    The finding on this issue was in favor of the plaintiff.    It must stand if there is any evidence to support it.    *State Street Trust Co.* v. *Lawrence Manuf. Co.* 284 Mass. 355, 359, 360.    *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143.    *Bratt* v. *Cox* 290 Mass. 553, 557–558.

The policy was delivered and the first premium paid on April 7, 1932.    The sole question is whether the insured was in good health at that time.    He died on April 20, 1932, of a ruptured appendix complicated by peritonitis.    The certificate made out by the plaintiff in her claim under the policy contained a statement that the health of the insured first began to be affected on April 4, 1932, and that his last illness lasted two and one half weeks.    The trial judge rightly ruled that she was not bound by this statement. Her testimony at the trial was of a contrary tenor and might have been believed.    *Knight* v. *New England Worsted*

*Co.* 2 Cush. 271, 282, 294. *Bone* v. *Holmes,* 195 Mass. 495, 507. *Conant* v. *Evans,* 202 Mass. 34, 38. *Hyland* v. *Hyland,* 278 Mass. 112, 119, 120. Compare *Sullivan* v. *Boston Elevated Railway,* 224 Mass. 405; *Whiteacre* v. *Boston Elevated Railway,* 241 Mass. 163.

The contention of the insurer is that the insured was suffering from appendicitis on April 7, 1932. There was strong evidence to support that contention. The wife of the insured, however, testified that during the year previous to his death he had no sickness except jaundice (which is not here material) until April 11, 1932, and that he worked regularly until that date. She gave evidence in considerable detail as to his conduct during the crucial days which indicated good health. This was corroborated by testimony of another witness who lived in the same house. The foreman under whom the insured worked testified that he saw the insured three or four times daily and that he worked up to eleven o'clock in the forenoon of April 11, 1932, and made no complaint of not feeling well; that he was a cloth lining cutter and the labor required a rugged man. A physician testified to making a thorough examination of the insured two or three days prior to April 13, 1932, and to finding nothing "in particular," and that he could not decide definitely that he then had appendicitis. It was not until April 14, 1932, that he was certain that there was appendicitis. There was considerable evidence of a contrary nature. That, however, might have been disbelieved. *Commonwealth* v. *Russ,* 232 Mass. 58, 70. *Coddaire* v. *Sibley,* 270 Mass. 41, 47. *Dodge* v. *Sawyer,* 288 Mass. 402, 408. *Salem Trust Co.* v. *Deery,* 289 Mass. 431. There was sufficient evidence to support the finding of the trial judge in the testimony briefly summarized above.

3. The trial judge ruled with respect to the suit in equity in substance that the only ground for equitable relief was that the insurer might be deprived of its right to certain defences which now exist but which might not exist in the event that the plaintiff in the action at law discontinued that action after the expiration of one year, and before the expiration of the two-year period during which action

might be brought under the policy; and that since the insurer by the trial of the cases together has had the benefit of all defences it might have raised under the policy and has made a full defence under the policy, therefore there was no ground for relief in equity. In short the insurer by the trial of the cases together has had the benefit of all defences to the policy and has actually made a full defence. In view of this result, it would serve no useful purpose to search the record for technical grounds for reversing the decree in the equity suit. Substantial justice has been accomplished because the identical issue raised in the equity case was involved in the action at law. It has been fully and fairly tried. The parties are the same. The finding in favor of the plaintiff in the action at law in substance and effect required the dismissal of the suit in equity. The same trial judge hardly could find on the same evidence that the plaintiff was entitled to prevail in the action at law and the insurer was entitled to the relief sought in the suit in equity. Such contradictory findings are inconceivable. The judgment in the action at law would be *res judicata* in the equity suit if it should be tried again. *Franklin* v. *North Weymouth Cooperative Bank*, 283 Mass. 275, 280. *Long* v. *George*, 290 Mass. 316. The cases were pending in the same court and both were tried by the same judge sitting without a jury. This procedure was by consent of the parties. The remedy in equity if necessary to accomplish justice was not impaired by the action at law. It was the duty of the trial judge to see that a right decision was made in each case. The cases at bar are distinguishable from cases like *Jefferson Standard Life Ins. Co.* v. *Keeton*, 292 Fed. Rep. 53, and *New York Life Ins. Co.* v. *Seymour*, 45 Fed. Rep. (2d) 47, in that in those cases there was no assurance that the actions at law would be prosecuted to judgment. Plaintiffs in those actions might have taken nonsuits and commenced new actions at a later time when defences open to the insurer would have been narrowed under the terms of the policies. In the cases at bar the insurer has had opportunity to present its full defence on all issues. With-

out hereby breaking the line of distinction between suits in equity and actions at law or impinging upon the privilege of a plaintiff in equity to proceed to a final decree, we think that no reversible error affecting the substantial rights of the parties is disclosed on this record. In the action at law the exceptions are overruled and in the suit in equity the final decree is affirmed.

*So ordered.*