### JOSEPH BEAUREGARD *vs.* THE CAPITOL AMUSEMENT COMPANY.

Essex.   February 10, 1938. — September 13, 1938.

Present: DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Practice, Civil,* Abatement, Interrogatories, Waiver.

The second of two actions at law between the same parties for the same cause of action will be abated if the first action was still pending when the second was brought, even though the first action terminated before the plea in abatement in the second action was filed or decided, unless the second action is justified by reason of some defect, peculiar condition or narrowness of available relief in the first action.

A defendant did not waive his answer in abatement based on pendency of a prior action by the plaintiff for the same cause by answering interrogatories of the plaintiff and requiring the plaintiff to answer interrogatories.

TORT.   Writ in the Superior Court dated July 27, 1931.

An answer in abatement by the defendant was sustained, and the writ abated, by *Donnelly,* J.   The plaintiff alleged exceptions.

*P. A. Kiely,* for the plaintiff.

*J. A. A. Anctil,* for the defendant.

QUA, J.   This is an action for personal injuries sustained by the plaintiff while a patron in a theatre operated by the defendant.   It is alleged that one of the performers employed by the defendant negligently threw a card from the stage in such a manner that it struck the plaintiff's eye. The defendant set up in abatement the pendency of an earlier action by the plaintiff against the defendant for the same cause of action.

The present action was brought July 27, 1931.   The former action was entered in a district court during the previous April.   The plaintiff filed a discontinuance therein on July 28, 1931, which was the day after the commencement of the present action.   The answer in abatement in the present action was filed September 24, 1931.   It thus

appears that the former action was still pending for a day after the present action was brought and for such additional time as elapsed before judgment in that action was entered in the District Court in due course upon the plaintiff's discontinuance.

There can be no doubt that under the strict rule of the common law pendency of the former action when the present action was brought would be ground for abatement of the present action, even though the former action had gone to judgment before the filing of the answer in abatement in the present action. *Commonwealth* v. *Churchill*, 5 Mass. 174, 177. *Manufacturers' Bottle Co.* v. *Taylor-Stites Glass Co.* 208 Mass. 593, 595. In the case last cited Chief Justice Knowlton called attention to the classes of cases in other jurisdictions in which the common law rule has been to some extent relaxed: (1) cases in which the second action is brought to cure some defect in the earlier one and (2) cases in which the first action has been terminated before decision on the plea in abatement in the second action. That case itself belonged to the first class, and it was there held that "where a second action is brought for a cause that was made the foundation of a former suit which is defective in some essential particular" the plaintiff may be allowed "to discontinue the former suit upon proper terms, and proceed with the later one" instead of abating the later action and compelling the plaintiff to begin anew after the termination of the first action. (208 Mass. at page 596.) No decision was there made as to cases of the second class. See *Consolidated Ordnance Co.* v. *Marsh*, 227 Mass. 15, 20. But in *Alpert* v. *Mercury Publishing Co.* 272 Mass. 39, at page 42, Chief Justice Rugg said that the modern relaxation of the strictness of the former rule "has been confined to instances where the second action has been justified by reason of defects or peculiar conditions in the former one, or to the broader relief available in the second form of action." This decision is buttressed by *O'Toole* v. *Concannon*, 276 Mass. 19, where as in the present case the plaintiff had become nonsuit and judgment had been entered for the defendant in the first

action long before the filing of the plea in abatement in the second action, and also by *Patalano* v. *Cammarano*, 293 Mass. 79. It must therefore be taken as settled in this Commonwealth that the strictness of the common law rule has not been relaxed in cases of the second class described by Chief Justice Knowlton in *Manufacturers' Bottle Co.* v. *Taylor-Stites Glass Co.* 208 Mass. 593, and that the second of two actions at law between the same parties for the same cause of action will be abated if the first action was still pending when the second was brought, even though the first action has terminated before the plea in abatement in the second action is filed or decided, unless the second action is justified by reason of some defect, peculiar condition or narrowness of available relief in the first action. There is nothing in this case to show any defect or inadequacy in the first action which justified the beginning of the second action while the first was still pending.

It is to be noted that we are dealing with two successive actions at law. Where one of two successive proceedings is in equity, a less rigid rule prevails. *Sandford* v. *Wright*, 164 Mass. 85. *Spear* v. *Coggan*, 223 Mass. 156. *Corey* v. *Tuttle*, 249 Mass. 135. *Powers* v. *Heggie*, 268 Mass. 233, 239. *Mutual Life Ins. Co.* v. *Royal*, 291 Mass. 487.

The facts that in the present action the defendant answered interrogatories of the plaintiff and required the plaintiff to answer its own interrogatories relating to the merits of the case do not amount to a waiver of the defendant's answer in abatement. The purpose of interrogatories is the discovery of facts and documents, "admissible in evidence," to assist a party in preparing and presenting his case or his defence. Interrogatories may be filed as soon as the writ is entered without regard to the state of the pleadings, and are to be answered within the required time unless the court otherwise orders. G. L. (Ter. Ed.) c. 231, §§ 61, 63. A party may use them to obtain information to enable him to shape his future course. *Cutter* v. *Cooper*, 234 Mass. 307, 315–316. But he must ask at one time for everything he may need, as he cannot interrogate

again without leave of court.   § 63.   The filing and answering of interrogatories at an early stage covering all phases of the case are therefore both familiar and convenient practice.   At least in the absence of special circumstances which are not here found, this is not incompatible with insistence upon all claims or defences.   To the same effect is *Interstate Chemical Corp.* v. *Home Guano Co.* 199 Ala. 583, 585.

The judge could not have done otherwise than abate the plaintiff's writ.

*Exceptions overruled.*