SETRAK K. BOYAJIAN *vs.* ELLEN M. HART & another.

Worcester.   May 7, September 9, 1942. — October 28, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Equity Pleading and Practice,* Costs, Exceptions.  *Equity Jurisdiction,*
One seeking equity must do equity.  *Error,* Whether harmful.

Apart from statutes a court has power both in actions at law and in
suits in equity whenever the prevention of vexatious litigation and
the interests of justice require, to stay a new proceeding until costs
for which the plaintiff has become liable in a former proceeding for
substantially the same cause have been paid, and to dismiss the later
proceeding for failure to pay them.

No error appeared in an order continuing a suit in equity until payment
of costs that had been taxed against the plaintiff in three suits in
equity and a writ of entry which the plaintiff previously had brought
for substantially the same purpose, and by means of which for ten
years he had kept alive a controversy respecting a foreclosure by sale
of a mortgage on real estate and had maintained a cloud on the title
following such sale; and a later order for dismissal of the last suit
when such costs were not paid was proper.

The filing of a demurrer and answer to a bill in equity concurrently with
the filing of a motion that the suit be stayed until costs against the
plaintiff in previous proceedings respecting substantially the same
subject matter were paid and that, if they were not paid within a
time fixed by the court, the suit be dismissed, did not preclude the
defendant from insisting upon his motion, nor was he so precluded by
his procuring temporary injunctive relief on a counterclaim set up in
the answer.

No prejudicial error was shown on an exception to the dismissal of an
appeal from a proper decree in a suit in equity.

BILL IN EQUITY, filed in the Superior Court on May 28,
1936.

The decree and order to which the plaintiff alleged
exceptions were made by *Whiting,* J., and *Burns,* J.,
respectively.

*S. K. Boyajian,* pro se.

*A. L. Hyland,* for the defendants.

QUA, J.   The first of the plaintiff's two bills of exceptions
questions the power of the trial court to dismiss this suit

for failure of the plaintiff to pay the costs adjudged against him in former proceedings relating to the same subject matter.

The present suit is in equity to set aside for bad faith a foreclosure by the defendant Hart of a mortgage on the plaintiff's real estate. Previous to the bringing of this suit the plaintiff had brought in succession three other suits in equity against the defendant Hart, in one of which the defendant The First National Bank of Boston had been joined. Two of these suits were to restrain the foreclosure of the same mortgage to which the present suit relates and to cancel the mortgage, and the third suit was to set aside the foreclosure after it had taken place. The plaintiff also had brought, after the foreclosure, a writ of entry against the defendant The First National Bank of Boston to recover the mortgaged land. Two of the former suits came before this court. *Boyajian* v. *Hart*, 284 Mass. 557. *Boyajian* v. *Hart*, 292 Mass. 447. Each of the former proceedings was carried to a final conclusion adverse to the plaintiff and resulted in a decree or judgment for costs against him. By means of this continuous litigation, in which he has been wholly unsuccessful, the plaintiff has managed to keep alive a controversy as to the foreclosure of the mortgage on his property and to maintain a cloud upon the title for nearly ten years.

In the present suit the defendants filed with their demurrer and answer a motion calling the attention of the court to the unpaid costs in the former proceedings and praying that this suit be stayed until those costs were paid and that it be dismissed if they were not paid within a time to be fixed by the court. The court ordered the case continued until the costs were paid and later, upon further motion of the defendants, the court, finding that the costs still remained unpaid, that the former proceedings arose "out of the same transactions," and that the "issues were substantially the same" as those in the present bill, decreed that the plaintiff pay the costs before a fixed date, and that in default of payment the present suit be dismissed.

There was no error. It is a general principle that those

who avail themselves of courts of justice for the redress of grievances must proceed in a direct manner by appropriate action adapted to accomplish a legitimate result without unnecessary harm or expense to other litigants. Courts are not established to enable parties to indulge a contentious spirit or to obtain revenge for real or fancied wrongs by wearing out an adversary. An examination of the history of this litigation as disclosed in the pleadings and docket entries in the former cases, to which reference is made in the present record, shows an undue multiplicity of lawsuits pursued to unreasonable lengths. Whatever the plaintiff's motive, it is plain that he could have obtained a decision as to any grievance he could have suffered without so many protracted suits all directed toward substantially the same end. Vexatious litigation may in itself become a ground for equitable relief. *Steinberg* v. *McKay*, 295 Mass. 139, 143. *Potter Press* v. *C. W. Potter, Inc.* 303 Mass. 485, 494. When, therefore, the plaintiff started this his fifth lawsuit to avoid a foreclosure begun years before, it was at least within the discretion of the court, in the performance of its duty to secure an orderly administration of justice, to require the plaintiff to do equity on his own part by paying the judgments for costs rendered against him in the former proceedings before he should be permitted to cause further expense in this suit. "Inherently . . . [the Superior Court] has wide power to do justice and to adopt procedure to that end." *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44, 51.

The plaintiff calls attention to G. L. (Ter. Ed.) c. 261, § 10, which provides that "If a judgment for costs upon a nonsuit or discontinuance remains unsatisfied, the court in which a subsequent action for the same cause is brought may order proceedings therein to be stayed until such costs have been paid, and may further order that the action be dismissed unless they are paid within a time fixed by the order." He contends that this statute does not apply in this case because the earlier suits (except the writ of entry) were not disposed of by a "discontinuance" in the technical sense of that word, and that the present suit is not for

"the same cause" as each of the previous suits. It is true that the former suits (except the writ of entry) were not disposed of by discontinuance, and it may be true that not all the causes of action in the former suits were exactly the same as the cause of action in the present suit, but we do not concede that the statute marks the bounds of the court's power to act in the interest of justice. The statute recognizes the general principles already discussed and expressly authorizes, if it does not require, their application in a particular manner to cases falling within its terms. Whether it includes suits in equity at all we need not now determine. In *Foster* v. *The Richard Busteed*, 100 Mass. 409, 412, which was a petition to enforce liens for labor upon a vessel and therefore partook of the nature of a suit in equity, it was held that the court "ought to apply the equity of the rule authorized" by the statute, although the former proceedings had not been discontinued but had been heard and dismissed. The analogy is equally pertinent in the present case. We have no doubt that, apart from statute, whenever the prevention of vexatious litigation and the interests of justice require, a court has power, both in actions at law and in suits in equity, to stay a new proceeding for substantially the same cause as a former one until costs for which the plaintiff has become liable in the former proceeding have been paid. And since the mere staying of the second proceeding leaves it still pending and therefore may not accomplish full justice, as it did not in this instance, the court has the power in appropriate cases to dismiss the second proceeding altogether. *Weston* v. *Withers*, 2 T. R. 511. *Pinchard* v. *Roe*, 4 East, 585. *Hoare* v. *Dickson*, 7 C. B. 164. *Dunn* v. *Harris*, 214 Ala. 120. *Cooper* v. *Cooper*, 213 Ind. 221. *Kerr* v. *Davis*, 7 Paige Ch. 53. *Barton* v. *Speis*, 73 N. Y. 133. *Robbins* v. *Rogers*, 247 App. Div. (N. Y.) 603. *Matter of Friedman*, 166 Misc. (N. Y.) 664. *Sooy* v. *M'Kean*, 4 Halst. 86. *Peterson* v. *Evans*, 55 Utah, 505. *Buckles* v. *Chicago, Milwaukee & St. Paul Railway*, 47 Fed. 424. *Bankers Securities Corp.* v. *Ritz Carlton Restaurant & Hotel Co. of Atlantic City*, 99 Fed. (2d) 51. *Weidenfeld* v. *Pacific Improvement Co.* 101 Fed. (2d) 699.

There is nothing to the plaintiff's further contention that the defendants waived any right to insist upon payment of the former costs by filing an answer to the present bill. The defendants filed their motion for the costs awarded in the former suits concurrently with their answer in this suit and have insisted upon their motion ever since. This is not a case where the defendants have voluntarily proceeded to a hearing on the merits without seeking a decision on a preliminary matter. See *Malden Trust Co.* v. *George,* 303 Mass. 528, 529. There has been no hearing on the merits. The defendants did not waive their right to ask for the costs by obtaining temporary injunctive relief on a counterclaim contained in their answer.

The plaintiff's second bill of exceptions is addressed to the dismissal by the trial court of his appeal from the decree requiring the payment of the former costs as a condition of the prosecution of this suit. That decree is the subject of the first bill of exceptions hereinbefore discussed. Since it can be seen that there was no error in that decree there was at least no prejudicial error in dismissing an appeal from it. See *Freeman* v. *Robinson,* 238 Mass. 449, 452; *Kelley* v. *American Sugar Refining Co.* 311 Mass. 617, 620.

*Exceptions overruled.*