JOSEPH G. KELLY *vs.* FIRST CITIZENS BANKERS CORPORATION.

Suffolk.    October 8, 1943. — June 26, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Practice, Civil,* Abatement.

No error appeared in the abatement of an action at law for legal services based on an express contract for $3,500 and a quantum meruit where it was found that the services sued for were the same as had been sued for, in the amount of $7,500, in a previous suit in equity and that, following a finding in the suit that the defendant was not indebted to the plaintiff, a final decree had been entered dismissing the bill, an appeal from which was still pending.

CONTRACT. Writ in the Superior Court dated April 10, 1940.

An answer in abatement was heard by *Good*, J.

*H. J. Williams*, for the plaintiff.

*B. Silverblatt*, for the defendant.

LUMMUS, J.   The plaintiff was the attorney for the defendant in the case of *Meier* v. *First Citizens Bankers Corp.* 301 Mass. 410.   This is an action of contract to recover for legal services performed in that case.   The defendant answered in abatement that on May 17, 1939, the plaintiff brought a bill in equity against the defendant to recover compensation for the same legal services; that on December 18, 1939, a judge of the Superior Court found that the defendant was not indebted to the plaintiff, and ordered the bill dismissed; that on February 1, 1940, a final decree was entered dismissing the bill; that on February 15, 1940, the plaintiff claimed an appeal from the final decree; that on February 21, 1940, the plaintiff ordered the clerk to prepare the papers for this court; and that said bill is still pending in the Superior Court.   Upon the answer in abatement the judge found that the services sued for in the suit in equity were the same services that are sued for in the present action of contract, and sustained the answer in abatement.   The plaintiff alleged exceptions.

The plaintiff contends that the bill in equity was founded upon an alleged express contract to pay $7,500 for the services, and that the decision against him in that case is consistent with the validity of his demand in the action of contract which is on an express contract for $3,500 and a quantum meruit.   But the fact is that the claim made by the bill in equity was not limited to an express contract for $7,500.   The plaintiff alleged in the bill simply that the defendant "was and still is justly and truly indebted to the plaintiff in the amount of $7,500 for legal services."

It is true that the technical rules as to abatement of actions at law do not apply where one of two pending proceedings upon the same cause of action is in equity.   *Beauregard* v. *Capitol Amusement Co.* 301 Mass. 142, 144.   But even in that case the principle applies that a defendant may not be vexed without reason by successive proceedings upon the same cause of action, and that a court has power to take any course required to do justice.   *Boyajian* v. *Hart*, 312 Mass.

264.  *Powers* v. *Heggie*, 268 Mass. 233, 239.  *Security Co-operative Bank* v. *McMahon*, 294 Mass. 399, 403.  *Sandford* v. *Wright*, 164 Mass. 85, 87.  In the present case the discretion of the court below was properly exercised by abating the action at law.  The plaintiff, having lost the decision in the bill in equity, was trying to obtain a new trial by ignoring his appeal from the final decree and bringing a new action at law.  Such trifling with a judicial decision ought not to be tolerated.  Nothing in the requests for rulings deserves discussion.

*Exceptions overruled.*