SAMUEL STAHLER *vs.* WILLIAM SEVINOR & others (and a companion case [1]).

Suffolk. November 1, 1948. — March 4, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Trust,* Express trust: amendment; Termination. *Equity Jurisdiction,* Trust. *Equity Pleading and Practice,* Abatement, Election. *Election.*

A provision of a declaration of trust executed by two men for the benefit of their respective wives with a stated term of twenty years, that it might "be amended . . . by the trustees from time to time . . . as in their . . . discretion shall seem best for the interest of the trust," gave the trustees power to adopt an amendment that "at any time if any trustee desires, he shall have the right to terminate the trust by notice in writing to the other trustee."

After a notice in writing by one of two trustees of a trust to the other of his intention to terminate the trust under a provision giving either the right to terminate it at any time by such a notice, a refusal of the other trustee to recognize the termination entitled the first trustee to maintain a suit in equity invoking the aid of the court respecting the disposition of the property.

---

[1] The companion case is by Samuel Stahler and another against William Sevinor and another.

A suit in equity setting forth adequate grounds for declaratory relief under G. L. (Ter. Ed.) c. 231A, as inserted by St. 1945, c. 582, § 1, respecting termination of a trust and distribution thereunder, was ordered by this court to be abated unless within thirty days after rescript a suit in equity previously brought respecting the same trust with substantially the same issues and the same parties were caused to be dismissed; and it was further ordered that, if such dismissal were made on election by the plaintiff therein, the instant suit should stand for further hearing.

Two suits in equity, filed in the Superior Court on May 15, 1947, and November 24, 1947, respectively.

The first suit was heard by *Brogna*, J., and the second by *Donahue*, J.

*A. L. Hyland*, (*S. L. Kaplan* with him,) for the plaintiffs.

*B. Kaplan*, for the defendants.

SPALDING, J. These two proceedings in equity come here on appeals from final decrees dismissing the bills. In the first case the final decree was entered after the defendants' demurrers had been sustained. The bill in the second case, which sought declaratory relief, was dismissed after the entry of an interlocutory decree sustaining the defendants' "answer in abatement", which we treat as a plea. See *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 110.

### THE FIRST CASE.

The case made by the bill in the first case is as follows: On April 30, 1945, the plaintiff Samuel Stahler and William Sevinor (hereinafter called the defendant) executed a written declaration of trust (called the Robert Margedale Realty Trust) for the purpose of holding real estate and other property. On the same day the trust instrument was duly recorded in the registry of deeds (south district) of Essex County. The term of the trust is twenty years. Pursuant to the declaration of trust certain properties situated in Essex County were acquired in the name of the trust and are still held by it. The beneficiaries of the trust, each of whom has a one-half interest, are Sara Stahler and Ida Sevinor, the wives of the settlors.[1] At the expira-

---

[1] By an amendment to the bill the beneficiaries were named as defendants.

tion of twenty years from its creation the trust was to cease and the trustees were to distribute the property, either in kind or in money, to the beneficiaries. Paragraph 13 of the trust indenture reads in part as follows: "This declaration of trust may be amended and or extended by the trustees from time to time . . . as in their . . . discretion shall seem best for the interest of the trust, by instrument in writing, signed and acknowledged by them . . . and recorded in the County of Essex, South District, Registry of deeds."

On October 29, 1945, the plaintiff and the defendant signed and acknowledged an instrument in writing amending the declaration of trust. The amendment contained, among others, the following provision: "(1) At any time if any trustee desires, he shall have the right to terminate the trust by notice in writing to the other trustee." The amendment was duly recorded in the registry of deeds on October 30, 1945.

On March 3, 1947, the plaintiff gave notice in writing to the defendant of his intention to terminate the trust in which he stated that he and his attorney would meet the defendant at his convenience for the purpose of discussing the disposal of the property held under the trust. The declaration of trust "fails to provide for disposition of the property upon such termination." The defendant, it is alleged, has "unreasonably neglected to consult or confer with . . . [the plaintiff] to determine the manner and procedure for disposal of the property held by the said trust."

The principal prayers of the bill are that the court order (1) a sale of the property at public auction, and (2) the distribution of the net proceeds of the sale in equal shares to the trustees.

Demurrers filed by the defendants William and Ida Sevinor were sustained. The demurrers, which were substantially the same, assigned several grounds, but the only one now relied on is the second which is in substance that the plaintiff has failed to state a case.

The defendants' position is that, since no power of revocation was reserved in the trust instrument, the settlors had no right to terminate the trust prior to the expiration of twenty years. The defendants invoke the familiar principle of law that a settlor, without proof of mental unsoundness, mistake, fraud or undue influence, cannot revoke a trust unless a power of revocation was reserved in the instrument creating it. *Lovett* v. *Farnham*, 169 Mass. 1, 2–3. *Sands* v. *Old Colony Trust Co.* 195 Mass. 575, 577. *Gorey* v. *Guarente*, 303 Mass. 569, 574. *Clune* v. *Norton*, 306 Mass. 324, 326. Restatement: Trusts, §§ 330, 332, 333. Scott on Trusts, §§ 330, 330.1. There was, to be sure, no power to revoke reserved in the instrument under consideration. But a power to amend was expressly reserved. That the settlors could do this is not to be doubted. *Kelley* v. *Snow*, 185 Mass. 288, 297, 298. *Jones* v. *Old Colony Trust Co.* 251 Mass. 309, 313. *State Street Trust Co.* v. *Crocker*, 306 Mass. 257, 259. *National Shawmut Bank* v. *Joy*, 315 Mass. 457, 475. Restatement: Trusts, § 331. Despite the defendants' contention to the contrary, we are of opinion that the power to amend here was unrestricted. It would be placing a strained and unnatural construction on the language used in the instrument to hold otherwise. See *Welch* v. *Terhune*, 126 Fed. (2d) 695, 697. Whether an unrestricted power to amend a trust may be used to effect its revocation, is a question which does not appear to have been decided in this Commonwealth. In the Restatement of Trusts it is said in comment h to § 331, "If the settlor reserves a power to modify the trust, it is a question of interpretation to be determined in view of the language used and all the circumstances whether and to what extent the power is subject to restrictions. If the power to modify is subject to no restrictions, it includes a power to revoke the trust." Professor Scott in his treatise on Trusts, § 331.2, takes a similar view. We see no reason on principle why an unrestricted power to amend should not include the power to make an amendment of the sort that was made here, even if it might have the

effect of revoking the trust. No authority has been brought to our attention, and we have found none, which holds otherwise.

The plaintiff stated a case which entitled him to relief and the demurrers ought not to have been sustained. According to the allegations in the bill the amendment was made in the manner prescribed by the trust instrument and the notice to terminate was made in compliance with the provisions of the amendment. Upon the refusal of the defendant to recognize that there had been a termination of the trust, the plaintiff was entitled to invoke the aid of the court.

> *Interlocutory decree reversed.*
> *Final decree reversed with costs.*

### The Second Case.

The principal difference between the bill in the first case and the bill in this case is that in the latter declaratory relief is sought under G. L. (Ter. Ed.) c. 231A, as inserted by St. 1945, c. 582, § 1.[1] In other respects the allegations in the bills are substantially the same. The same parties are before the court in both cases. Sara Stahler who was a defendant in the first case is a plaintiff in the present case. The defendants filed an "answer in abatement" asking that the proceedings be abated on the ground that at the time they were brought there was pending in the same court a suit in equity between the same parties for the same cause of action. The facts are not in dispute. The final decree in the first case was entered on November 10, 1947, and the plaintiff's appeal was seasonably claimed on November 26, 1947. The present proceedings were commenced on November 24, 1947, two days before the claim of appeal in the first case. The judge entered an

---

[1] The prayers in the bill asked the court to determine whether the provision in the amendment relating to the termination of the trust was valid, and, if so, whether the notice of termination was valid; to declare the manner in which the trust is to be terminated and what disposition is to be made of the property; and to make such other declarations of the rights of the parties as the court may deem proper.

interlocutory decree in which it was recited that the allegations of fact in the defendants' plea were true and that the plea was sustained. A final decree was entered dismissing the bill, from which the plaintiffs appealed.

A court of law will not permit a defendant to be vexed by two actions of law, for the same cause, in the same jurisdiction, by the same plaintiff, and ordinarily will order an abatement of the second action. *Sandford* v. *Wright,* 164 Mass. 85, 87. *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299, 302. *Corey* v. *Tuttle,* 249 Mass. 135, 138. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 39, 41, 42. *Beauregard* v. *Capitol Amusement Co.* 301 Mass. 142. Where, however, one of the proceedings is in equity a less rigid rule prevails. *Spear* v. *Coggan,* 223 Mass. 156. *Corey* v. *Tuttle,* 249 Mass. 135, 138. *Powers* v. *Heggie,* 268 Mass. 233. *Kelly* v. *First Citizens Bankers Corp.* 316 Mass. 520, 521. The institution of successive proceedings at law and in equity based upon the same facts does not as matter of law require· the dismissal of one of them. *Powers* v. *Heggie,* 268 Mass. 233, 239. But even in that case "the principle applies that a defendant may not be vexed without reason by successive proceedings upon the same cause of action, and that a court has power to take any course required to do justice." *Kelly* v. *First Citizens Bankers Corp.* 316 Mass. 520, 521. Ordinarily where the defendant is· being harassed by the simultaneous prosecution of proceedings at law and in equity for the same cause, the court, instead of ordering a dismissal of the second proceeding, will give the plaintiff an opportunity to elect between them. *Sandford* v. *Wright,* 164 Mass. 85, 87. *Spear* v. *Coggan,* 223 Mass. 156, 158. *Corey* v. *Tuttle,* 249 Mass. 135, 138. *Powers* v. *Heggie,* 268 Mass. 233. In all of the cases cited above, in which the less rigid rule has been applied, one of the proceedings has been at law and one in equity. But we see no reason for not applying the same principle where, as here, both suits are in equity.

There would appear to be no good reason why the defendants here should be subjected to both suits. The

issues in both are to all intents and purposes the same, and the parties before the court are the same. The fact that Mrs. Stahler, who was named as a defendant in the first case, is a plaintiff in the second, is a matter of no consequence. She was one of the beneficiaries of the trust and her interest in each case is the same. But the case is one, we think, where the plaintiffs ought to be given an opportunity to elect which suit they will prosecute. If an election is made to dismiss the first suit and to proceed with the second, the defendants' contention that under *Marsch* v. *Southern New England Railroad,* 235 Mass. 304, 307, such dismissal would be inequitable is without merit. See *Hollingsworth & Vose Co.* v. *Foxborough Water Supply District,* 171 Mass. 450; *Bolton* v. *Van Heusen,* 249 Mass. 503, 505, 506; *Shea* v. *Lexington,* 290 Mass. 361, 373–374.

Let the entry be

> *Interlocutory and final decrees reversed. Plea to be sustained and bill dismissed unless within thirty days from the entry of this rescript the plaintiff Samuel Stahler causes a dismissal of the first case (No. 58912 Eq.). If such dismissal is made, then this suit is to stand for further hearing.*