## Western District

## DOMINICK LAINO

v.

## ALARIC J. DUMAIS

*Present*: Hobson, J. (Presiding) & Garvey, J.

Case tried to *Sloan, J.* in the District Court of Springfield. No. 154413.

Argued: April, 1962—Decided: July, 1962

*Garvey, J.* In this action of contract (second action) the court allowed the defendant's plea in abatement on the grounds that "at the time this action was brought an action of contract was pending between the same parties involving the same cause of action". The correctness of this order is the sole issue presented by this report, requested by the plaintiff, who claims to be aggrieved.

Plaintiff's declaration is in three counts. The first and third, substantially the same, allege a breach by the defendant of a written contract. The second reads: "The plaintiff says the defendant owes him the sum of four hundred dollars, with interest thereon at the rate of six per cent from November 8, 1954".

This count does not state a good cause of action so we are concerned only with the first and third.

In the "pending action", (first action #151814, District Court of Springfield), heard by the same judge, which was the basis of the allowance of the motion to abate, the parties were reversed. The evidence reported on appeal in that case shows that the parties entered into a written contract, dated October 27, 1954, (the same contract that is the subject matter of the present litigation), by the terms of which the plaintiff agreed to do certain carpentry work on a house being built by the defendant. In this first action, the defendant in his answer, *inter alia,* pleaded breach of contract. After trial, the court, on August 14, 1959, entered its finding for the plaintiff and assessed damages in the amount of $500.00 in a count on *quantum meruit.* The defendant thereafter filed a motion for a new trial and to its denial, and to the denial of certain requests for rulings filed in connection therewith, claimed a report, and duly filed a draft report which was allowed. On September 22, 1959, while the first action was pending on appeal, this second action was commenced.

The judge, in the first action, in a memorandum denying certain requests for rulings of law stated:

"I find that the plaintiff did not completely perform the contract in strict accordance with its terms because he was ordered off the job by the

defendant but did furnish labor and material in good faith to the value of $500.00 for which he has not been paid".

This Division by its order dated today, found no prejudicial error in that case and dismissed the report.

We are satisfied from the report of the evidence in the first action that the defendant, having pleaded breach of contract, had full opportunity, and did in fact present all his evidence on that issue and after an adverse finding is attempting to thwart the finding of the judge, by re-trying the same issue in this second action.

As a general rule a subsequent action based on the same cause will generally be abated where there is a prior action pending in the court between the same parties involving the same, or substatially the same subject matter in which prior action the rights of the parties may be determined. We are aware that a counterclaim that could be raised by a declaration in set-off or recoupment need not necessarily be pleaded by a defendant. He may elect to reserve his rights to be determined in an independent action. *Fiske v. Steele,* 152 Mass. 260, 262. But to reserve that right and institute proceedings on it after an adverse finding and during the pendency of an appeal is a practice not to be encouraged. Such right to prosecute an independent action would seem to be dependent on the defendant prevailing in the first action. *Bennett v. Kupfer Brothers Co.,* 213 Mass. 218, 221.

*Mutual Life Ins. Co. v. Royal,* 291 Mass. 487, 491.

No case has been cited and we can find none precisely in point, so we are guided by the reasoning and principles of law established in many decisions of our court dealing with a plaintiff, displeased with an adverse finding or verdict, commencing a second action against the same party for the same, or substantially the same, cause of action.

The court has stated in *Stahler v. Sevin'or,* 324 Mass. 18, 23:

> "A court of law will not permit a defendant to be vexed by two actions of law, for the same cause, in the same jurisdiction, by the same plaintiff, and ordinarily will order an abatement of the second action."

In *Kelley v. First Citizens Bankers Corp.,* 316 Mass. 520, 521:

> "It is true that the technical rules as to abatement of actions at law do not apply where one of two pending proceedings upon the same cause of action is in equity."

*Beauregard v. Capitol Amusement Co.,* 301 Mass. 142, 144. But even in that case the principle applies that a defendant may not be vexed without reason by successive proceedings upon the same cause of action, and that a court has power to take any course required to do justice. *Boyajian v. Hart,* 312 Mass. 264; *Powers v. Heggie,* 268 Mass. 233, 239; *Security Co-op. Bank v. McMahon,* 294

Mass. 399, 403; *Sanford v. Wright,* 164 Mass. 85, 87. In the present case the discretion of the court below was properly exercised by abating the action at law. The plaintiff, having lost the decision in the bill in equity, was trying to obtain a new trial by ignoring his appeal from the final decree and bring a new action at law. Such trifling with a judicial decision ought not to be tolerated.

In *Boyajian v. Hart,* 312 Mass. 264, 267:

"We have no doubt that, apart from statute, whenever the prevention of vexatious litigation and the interests of justice require, a court has power, both in actions at law and in suits in equity, to stay a new proceeding for substantially the same cause as a former one until costs for which the plaintiff has become liable in the former proceeding have been paid. And since the mere staying of the second proceeding leaves it still pending and therefore may not accomplish full justice, as it did not in this instance, the court has the power in appropriate cases to dismiss the second proceeding altogether".

The principles of law established in these cases should apply with equal force to an attempt by a losing defendant whose appeal is pending to vex a successful plaintiff in a second action based on the same contract where the issue of breach of contract has been fully tried and determined in the first action. As Rugg, C.J. said in *Davis v. Boston El. Ry.,* 235 Mass. 482, 496:

"When a case has been fairly and fully tried upon

correct principles of law, and a verdict has been rendered, it is in the interest of the Commonwealth that there should be an end of the litigation".

*The report is to be dismissed.*

Michael Albano, of Springfield, for the Plaintiff.
L. Kerlinsky, of Springfield, for the Defendant.