HENDERSON JONES *vs.* EDGAR P. BENJAMIN, administrator.

Suffolk.    November 20, 21, 1924. — January 30, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Attachment.    Trustee Process.    Executor and Administrator.    Practice, Civil, Appeal.*

Upon a writ in an action at law directing the attachment of "the goods or estate of" a certain person "as he is Administrator of the Estate of" an intestate, "and summon the said Defendant . . . to appear . . . ," an attachment of property of the defendant by trustee process may be made without first procuring leave of a probate court under G. L. c. 230, § 7, such attachment not being of the goods and estate which were of the intestate in the possession of the administrator, but of the administrator's own personal property; and such an action should not be dismissed for want of jurisdiction.

CONTRACT for $2,000, alleged to be money and one Liberty bond had and received by the defendant to the plaintiff's use.    Writ dated January 15, 1922.

By the original writ, the sheriff was commanded "to attach the goods or estate of Matthew A. N. Shaw, as he is Administrator of the Estate of James H. Gardner of Boston," by the trustee process described in the opinion.

The action was tried in the Superior Court and there was a finding for the plaintiff in the sum of $2,000 on December 22, 1922.    On June 29, 1923, the defendant moved that the action be dismissed "under" G. L. c. 230, § 7.    The motion was heard by *McLaughlin,* J., and was denied on July 17, 1923.    The defendant appealed from the order denying this motion on August 1, 1923.

On March 8, 1924, Edgar P. Benjamin appeared, and alleged that Matthew A. N. Shaw, administrator of the estate of James H. Gardner, had died on September 19, 1923, and that he had been appointed "as administrator *de bonis non* of the said estate," and he moved that he be allowed to appear and defend "as said administrator *de bonis non.*" The record does not show that this motion was acted on by the court.    On March 17, 1924, there was filed on behalf

of "the defendant in the above entitled action" a document entitled, "Plea to the Jurisdiction — Motion to Dismiss this Action," in which was included a motion that the order of the court of July 17, 1923, denying the defendant's motion to dismiss, be vacated and that the action be dismissed on the ground that it was commenced by trustee process and that it did not appear that permission of the Probate Court, as provided in G. L. c. 230, § 7, had been granted to make attachment on mesne process; and that the court had no jurisdiction of the action.

This "plea" and "motion" was heard by *Morton, J.,* on March 25, 1924, and the order was made, "Plea overruled, having been previously overruled by Judge McLaughlin." An appeal was filed purporting to be on behalf of "the defendant administrator *de bonis non* in the above entitled action."

*J. S. R. Bourne,* for the defendant.

No argument or brief for the plaintiff.

BRALEY, J. The action is contract, begun by trustee process, to recover $2,000 on a count for money had and received with a count on an account annexed. See *Massachusetts Mutual Life Ins. Co.* v. *Green,* 185 Mass. 306.

The plaintiff having obtained a verdict, the defendant before final judgment moved, under G. L. c. 230, § 7, to dismiss the action for lack of jurisdiction. The statute, in so far as material, reads as follows: "The real and personal property of a deceased person shall not be attached on mesne process, in an action, upon a debt due from, or upon a claim against, the deceased, except upon the permission of the Probate Court for the county where the executor or administrator of the deceased person was appointed." The court entered an order denying the motion and the case is here on appeal, which brings up only errors of law apparent on the record. *Given* v. *Johnson,* 213 Mass. 251, 252.

The writ as amended, which is the foundation of the action, commanded the sheriff " to attach the goods or estate of Matthew A. N. Shaw, as he is Administrator of the Estate of James H. Gardner of Boston, within our County of Suffolk, to the value of Three thousand Dollars and summon the

said Defendant (if he may be found in your precinct) to appear before our Justices of our Superior Court, to be holden at Boston, within and for our said County of Suffolk, on the first Monday of August next, then and there in our said Court to answer unto Henderson Jones, plaintiff, of said Boston, in an action of contract or tort to the damage of the said plaintiff (as he says) the sum of Three thousand Dollars, which shall then and there be made to appear, with other due damages. And whereas the said plaintiff says, that the said defendant has not in his own hands and possession, goods and estate to the value of Three thousand Dollars aforesaid, which can be come at to be attached, but has intrusted to and deposited in the hands and possession of the American Surety Company of New York, a corporation duly organized by law and having an usual place of business in said Boston, Trustee of the said Defendant's goods, effects and credits, to the said value: We COMMAND you, therefore, that you summon the said supposed Trustee (if it may be found in your precinct), to appear before our Justices of our said Court, to be holden as aforesaid, to show cause, if any it has, why execution to be issued upon such judgment as the said Plaintiff may recover against the said Defendant in this action (if any) should not issue against his goods, effects, or credits, in the hands and possession of the said Trustee." The writ subsequently was amended by striking out the words "or tort" after the word "contract." The defendant Shaw having died, the defendant Benjamin, who was appointed administrator *de bonis non*, had leave to appear and defend. G. L. c. 230, § 11.

It is provided in G. L. c. 230, § 6, that "writs of attachment and executions against executors or administrators for debts due from the testator or intestate shall run only against the goods and estate of the deceased in their hands, and not against their bodies, goods, or estate." The statute covers actions begun by trustee process. *Harmon* v. *Osgood*, 151 Mass. 501. *Harmon* v. *Sweet*, 221 Mass. 587, 593. If it be assumed from the appearance by the defendant, and the answer of the trustee, that the writ was duly served, the attachment was not of the goods and estate which were of

the intestate in the possession of the administrator, but of the administrator's own personal property. *Eaton* v. *Walker*, 244 Mass. 23, 28, 30.

The court accordingly had jurisdiction, G. L. c. 212, § 3; c. 230, § 1, and the order is

*Affirmed.*