MYER ROSENBLATT *vs.* MADALINE M. FOLEY & another, executors.

Suffolk.   March 25, 26, 1925. — April 17, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Commencement of action, Appearance. *Evidence,* Presumptions and burden of proof.  *Waiver.  Executor and Administrator. Limitations, Statute of.*

The writ, in an action of tort against executors for personal injuries resulting from a fall on ice alleged to have been permitted to accumulate on a public way through negligence of the defendants' testator, was dated over one year and ten months after the injuries and fourteen days before the expiration of a year from the date of the filing and approval of the bond of the executors, was returnable twenty-three days after such expiration, and ordered attachment of the property of the defendants "as they are executors of the estate of" the deceased, and that the "said defendants" be summoned to appear at court.   The writ was returned to court on the return day without having been in the hands of an officer for service, and a motion by the plaintiff for an order of notice was made.   Such order was served on the defendants two days later.   The defendants filed an answer generally and later by amendment set up the special statute of limitations, G. L. c. 197, § 9, as a bar, and, at the trial of the action, on their motion a verdict was ordered in their favor.   The plaintiff alleged exceptions. *Held,* that

(1) While there is a presumption that the date of a writ marks the commencement of an action, such presumption may be overcome, and in this case it was overcome by the admitted fact that the writ was never delivered to an officer for service and was retained within the absolute control of the plaintiff until it was filed in the court by him twenty-three days after the expiration of the time within which, by G. L. c. 197, § 9, the action might be brought;

(2) The burden of proof was upon the plaintiff to establish by affirmative evidence that the action was commenced within the time required by the statute;

(3) The general appearance of the defendants did not relate back to the date of the writ, and it could not operate as a waiver of the special statute, G. L. c. 197, § 9;

(4) It appearing that the trial judge and the parties treated the writ as in proper form, this court treated it as if amended to be in that form and overruled the exceptions.

An executor or administrator has no power to waive the provisions of the short statute of limitations, G. L. c. 197, § 9.

TORT against the executors of the will of Luigia Casassa for personal injuries received when the plaintiff fell on ice formed on a public way by the freezing of water alleged negligently to have been allowed to flow there by the defendants' testator.   Writ dated December 31, 1921.

The writ directed the sheriff "to attach the goods or estate of Madaline M. Foley . . . and Andrew A. Casassa . . . as they are executors of the estate of Luigia Casassa . . . and summons the said defendants . . . to appear . . . ."

Proceedings relating to failure of service on the defendants and an order of notice to them are described in the opinion.

The action was tried before *Cox,* J.   Material evidence and rulings by the judge are described in the opinion.   By order of the judge, a verdict was returned for the defendants. The plaintiff alleged exceptions.

*C. Toye, C. J. Halligan, & E. F. Murray,* for the plaintiff, submitted a brief.

*L. C. Doyle,* for the defendants.

PIERCE, J.   This is an action of tort, brought against the defendants as executors of the estate of Luigia Casassa, to recover damages for physical, personal injuries alleged to have been sustained by the plaintiff on February 14, 1920, by falling on ice; which ice, through the alleged negligence of the defendants' intestate, had frozen on the sidewalk in consequence of a flow of water from the buildings of the intestate onto that sidewalk.   Due notice of the time, place and cause of the accident was given the defendant's testator.

The writ was dated December 31, 1921, and was returnable to the Superior Court on the first Monday of February, 1922, that is on February 6, 1922.   On the return day, the writ never having been in the hands of an officer for service, the plaintiff moved and the court allowed an order of notice to the defendants, returnable on the first Monday of March, 1922.   The order of notice was served on February 8, 1922. On February 21, 1922, the defendants filed a general denial

and the affirmative defence "that the injuries alleged were caused in whole or in part by the plaintiff's own negligence."

On February 5, 1924, by consent and allowance by the court, the defendants filed the further answer that the plaintiff's action was not commenced within one year from the date of the qualification of the defendants as executors, and that said action is therefore barred under the statute. At the conclusion of the evidence for the plaintiff, it was agreed that the executors' bond "which they are required to file in the Probate Court, was filed and approved on the 14th day of January 1921, . . . and that notice was given of their appointment." The trial judge thereupon granted a motion in writing of the defendants that a verdict be ordered in their favor, on the ground that the plaintiff had not brought his action against them within a year from the date of this qualification, and a verdict was ordered for the defendants, subject to the plaintiff's exception.

The trial judge and the parties treated the writ as in proper form. Treating it as amended to be in the form obviously intended, G. L. c. 231, § 51; *Lester* v. *Lester*, 8 Gray, 437; *Hutchinson* v. *Tucker*, 124 Mass. 240; *Eaton* v. *Walker*, 244 Mass. 23; *Jones* v. *Benjamin*, 251 Mass. 198, the exceptions must be overruled. The writ had not even been placed in the hands of an officer for service when the order of notice was issued, supposedly under G. L. c. 223, § 84. An action is commenced when a writ issues out and is delivered to an officer with a *bona fide* intent to have it served upon the defendant. *Estes* v. *Tower*, 102 Mass. 65. *J. Cushing Co.* v. *Brooklyn Trust Co.* 235 Mass. 171. The date of the writ is not conclusive evidence of the commencement of the action; it may be held to be commenced at any day after the issuance of the writ which may be most conducive to justice. *Badger* v. *Phinney*, 15 Mass. 359. *Seaver* v. *Lincoln*, 21 Pick. 267. *Swift* v. *Crocker*, 21 Pick. 241. *Federhen* v. *Smith*, 3 Allen, 119.

In the case at bar the presumption that the date of the writ marks the commencement of the action is overcome by the admitted fact that the writ was never delivered to an officer for service, and was retained within the absolute control of the plaintiff until it was filed in the court by him on

February 6, 1922. *International Paper Co.* v. *Commonwealth,* 232 Mass. 7, 12. The burden of proof was upon the plaintiff to establish by affirmative evidence that the action was commenced within the time required by the statute, that is, within one year after January 14, 1921. G. L. c. 260, § 10, G. L. c. 197, § 9. *Pond* v. *Gibson,* 5 Allen, 19. *Currier* v. *Studley,* 159 Mass. 17, 20. *International Paper Co.* v. *Commonwealth, supra.* Although the general appearance of the defendants cured any defect in the jurisdiction of the court over the parties, it did not relate back to the date of the writ, and it could not operate as a waiver of the special statute, G. L. c. 197, § 9, as an executor or administrator has no power to waive that statute. *Stebbins* v. *Scott,* 172 Mass. 356, 362. *Finance Corp. of New England* v. *Parker,* 251 Mass. 372.

*Exceptions overruled.*