Bolster, C. J.
The only question is whether the defendant administrator can avail himself of the short statute of limitations. That he would be protected, on the agreed facts, prior to the passage of Stat. 1933 Ch. 221, there can be no serious question. Rosenblatt v. Foley, 252 Mass. 188.
The Judicial Council, in its sixth report, page 21, recommended legislation protecting, from personal liability, representatives of estates who had made distribution of assets in ignorance of actions pending but in which process had *592 not been served. The legislature took a much longer step in passing the act of 1933, and relieved both the executor and the estate from liability to suit unless there was within the year either service in hand, or accepted service, or a notice filed in the probate registry, “stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought.” In the present case the writ was made out on December 19, and the notice filed on December 20, 1935. The defendant’s bond was approved December 21, 1934. The case was entered on January 4, 1936 without delivery of the writ to an officer.
Strictly speaking, an action is begun when the writ is made out. The former rule, that the action would not be deemed to have been “commenced” until the writ was handed to an officer with intent to have it served, was a rule of convenience, based on obvious reasons. The requirement of actual service or a filing of notice within the year removes the reason for the former rule, and the rule disappears with its reason.
We are not inclined to agree with the plaintiff’s proposition that the filing of the notice dispenses with service by an officer according to the command of the writ, or that such filing constitutes an attachment of assets, but it is not necessary now to decide either of those questions.
Report dismissed.