Mason, J.
Each of these five actions is an action of tort to recover for personal injuries arising from an automobile accident which occurred February 25, 1937. So far as the questions of law now involved are concerned, the facts, the *211 pleadings and the rulings, are the same in each case. The cases were so far consolidated as to be dealt with in a single report and in a single opinion.
In each case a writ was made in the usual form, and was dated February 18,1938, and was returnable March 5,1938. On the return day each writ, with a declaration, about which no question is raised, was entered in the office of the Clerk of the Central District Court of Worcester. At that time there was no return on any of said writs.
Under date of June 15, 1938 the plaintiff filed in the said Court motions for special precepts in each of the above actions as follows:
“And now comes the plaintiff in the above named action and respectfully represents that at the time the said action was commenced the defendant could not be found even though diligent search was made for him in order to make service upon him of the papers in the said action; that the said papers were entered in the Central District Court, Worcester, Mass., without service having been made upon the defendant; that since the entry of the said papers the plaintiff has located the said defendant, who is now living in Cambridge, Mass.
“Wherefore the plaintiff prays that a special precept may issue from this Court to make service upon the defendant, John Donohue, who is now residing in Cambridge, Mass., at an address known to the plaintiff.”
On June 20, 1938, the Court issued in each case a special precept authorizing the attachment of property and containing a command to summon the defendant to appear on the ninth day of July then current. This precept was duly served on the defendant, and proper return of such service was made.
Thereafter on July 19, 1938 the defendant by counsel filed a special appearance and motion to dismiss each of the said actions as follows:
*212 “Now comes John Donohue, named in the above entitled action as defendant, and appearing specially, solely for the purpose of raising the sufficiency of the service of process upon him and not otherwise submitting himself to the jurisdiction of the Court, moves that the plaintiff’s writ be dismissed, for the reason that no proper, sufficient or legal service of the same has been made upon him under the law of this Commonwealth. ’ ’
On November 30, 1938 hearing was given the said motions to dismiss and the same were allowed as of the date of December 1, 1938. The plaintiff seasonably requested that the same be reported to the Appellate Division.
The plaintiffs requested a further hearing on the motions to dismiss, and one J. Fiske Ford, a deputy sheriff of Middlesex County, made a motion to amend the return on each original writ. The Trial Court refused to consider this motion or to hear evidence in support of it. In the view which we take of these cases there is no occasion to consider the matters arising subsequent to the disallowance of the motions to dismiss.
On June 15, 1938, when the several plaintiffs filed their motions for special precepts, the Court could have rightfully dismissed the actions for lack of evidence of proper service, as that defect was apparent on the record. Baker v. Copeland, 140 Mass. 342. In that event, if the facts were as the plaintiffs now claim, and the writs failed of a sufficient service or return by reason of a default or neglect of the officer to whom they were committed, the plaintiffs would have been entitled to bring new actions for the same cause within a year of such dismissals, as provided in G. L. (Ter. Ed.) c. 260 section 32. Such new actions would not be barred by the statute of limitations if the original actions were not so barred. Bullock v. Dean, 12 Met. 15. But the Court took the other course and allowed the plaintiffs’ motions for a special precept, as it had a right to do *213 under G. L. (Ter. Ed.) c. 223 section 84. This special precept is in form in some respects more appropriate for a process under sections 85 and 86 of this chapter, but it contains a command to summon the defendant to appear in this case, and it was duly served, and returned to court with a proper return of such service by the officer. The statute expressly provides “upon due service thereof, the court or tribunal shall thereby acquire the same jurisdiction of the subject and of the parties as it would have obtained if such service had been made in pursuance of the original writ, process or order.”
The cases having been entered on the return day, the Court had jurisdiction to issue this precept, or order of notice, to bring the defendant before the Court. After the defendant was so brought in he had a right to set up any and all defenses permitted by the facts. He had the right to plead the special statute of limitations governing cases of this class, and to demand that the plaintiffs prove that their actions were seasonably commenced. This was the course pursued in Rosenblatt v. Foley, 252 Mass. 188. We quote from the opinion in that case — “The writ was dated December 31, 1921, and was returnable to the Superior Court on the first Monday of February, 1922, that is on February 6, 1922. On the return day, the writ never having been in the hands of an officer for service, the plaintiff moved and the court allowed an order of notice to the defendants, returnable the first Monday of March, 1922. The order of notice was served on February 8, 1922. On February 21, 1922, the defendants filed a general denial and the affirmative defense ‘that the injuries alleged were due in whole or in part to plaintiff’s own negligence. ’ ” About two years later the defendants in that case were allowed to amend their answer by setting up the special statute of limitations in favor of executors and ad *214 ministrators. Thereafter the ease was considered on its merits, and this plea was sustained.
In the cases we are now considering the defendant’s motions for dismissal are based solely on facts appearing on the record. Neither the question of the date of the commencement of the actions, nor the question of the statute of limitations, has any bearing on the allowance or disallowance of these motions. The lack of proper return of service of the original writs had already been brought to the attention of the Court, and steps had been taken to cure this difficulty by the issue of further process, and by the propér service of the special precepts. It was therefore prejudicial error to allow the defendant’s motions to dismiss, and orders must be entered disallowing the motions to dismiss.