No. 373996

**SYDNEY S. EPSTEIN**

v.

**AIDA L. BLENDER, ADMINISTRATRIX**

(October 4 — December 24, 1957)

*Present*: GILLEN, J. (PRESIDING), LEWITON AND ROBERTS, JJ.

Case tried to ADLOW, C. J., in the Municipal Court of the City of Boston.

*Lewiton, J.* The only issued involved is whether an administrator, by filing a general appearance and answer, can effectively waive the specific requirements of G. L. (Ter. Ed.) c. 197, §9, prescribing limitations upon actions brought against executors or administrators by creditors of their decedents.

*At the trial there was evidence to show that* the defendant's intestate, Louis J. Blender, died on November 17, 1952; that on November 21, 1952 the defendant, having filed a bond for the perform-

ance of her trust, was duly appointed and qualified as administratrix of his estate; that on November 3, 1953, the plaintiff sued out a writ returnable to the Municipal Court of the City of Boston on December 8, 1953, which writ was served on the defendant on November 16, 1953, said service having been effected by leaving an attested copy and summons of the writ *at the last and usual place of abode* of the defendant; and that December 8, 1953 counsel for the defendant filed in her behalf an answer in abatement, and later, an answer asserting that the action was barred by the special statute of limitations (G. L. (Ter. Ed.) c. 197, §9).

At the trial, the evidence was confined to that bearing on the issue of the statute of limitations. The pertinent provisions of that statute, G. L. (Ter. Ed.) c. 197, §9, read as follows:—

"Except as provided in this chapter, an executor or administrator shall not be held to answer to an action by a creditor of the deceased which is not commenced *within one year from the time of his giving bond* for the performance of his trust, or to such an action which is commenced within said year unless before the expiration thereof the writ in such action has been served by *delivery in hand* upon such executor or administrator or *service thereof accepted by him* or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of probate . . . " (*Emphasis added*).

At the conclusion of the evidence the plaintiff requested the court to rule, in substance, that even though service was neither made in hand to the administratrix, nor accepted by her, and no notice of the action was filed in the Registry of Probate, any defect arising therefrom was cured by reason of the general appearance and answer filed by the defend-

ant after expiration of one year from the time of her filing her bond as administratrix.

The court denied the requested rulings, and ruled that the action was barred by reason of the plaintiff's failure to comply with the requirements of the limiting statute, and found for the defendant. The plaintiff claimed a report from these rulings.

■ The rulings complained of were correct. An executor or administrator has no power to waive the special statute of limitations limiting the time within which creditors of decedents may bring actions against the administrators or executors. *Rosenblatt v. Foley*, 252 Mass. 188, 191; *Finance Corp. of N. E. v. Parker*, 251 Mass. 372, 377; *Bartlett v. Tufts*, 241 Mass. 96, 99; *Stebbins v. Scott*, 172 Mass. 356, 362; *Nochemson v. Aronson*, 279 Mass. 278, 282.

■ ■ Where there has not been compliance with the requirements of such statute, a general appearance by the defendant administrators or executors does not cure the defect. *Rosenblatt v. Foley*, 252 Mass. 188, 191; *Finance Corp. of N. E. v. Parker*, 251 Mass. 372, 377; *Gallo v. Foley*, 296 Mass. 306, 310; *Cf. Bartlett v. Tufts*, 241 Mass. 96, 99; *Parker v. Rich*, 297 Mass. 112.

While at first blush, some of the language contained in the case of *Rosenblatt v. Foley, supra,* may appear to support the plaintiff's contention that a general appearance by the defendant may cure the plaintiff's failure to comply with the statute, a correct analysis of that case makes it plain that it gives no comfort to the plaintiff in the instant case.

When the *Rosenblatt case* was decided in 1925, the only requirement of G. L. c. 197, §9 was that the action be commenced within one year from the time the executor or administrator filed his bond. The statute then in effect did not prescribe the manner in which service must be made upon the executor or administrator. Consequently, it was en-

tirely consistent with established principles applicable to other types of cases for the Supreme Judicial Court to state that the general appearance filed in behalf of the defendant executors cured any defect in the jurisdiction over the parties which may have arisen by reason of failure to make service on them within the year. However, by various amendments subsequent to the case of *Rosenblatt v. Foley, supra,* the legislature has specifically provided in G. L. (Ter. Ed.) c. 197, §9 that not only must the action against the executor or administrator be commenced within one year, but that within that year, service must be made, in hand on the executor or administrator, or be accepted by such fiduciary, or in the alternative, a notice containing certain specified information with respect to the action must be filed in the proper Registry of Probate. Compliance with each of these elements in the statute is prerequisite to the plaintiff's right to maintain his action against the defendant on a claim against her intestate. The defendant administratrix has no greater power, after the expiration of the prescribed period, to waive the matter of proper service than she would have to waive the requirement of timely commencement of the action.

*Report dismissed.*

Hyman B. Pave, for the plaintiff.
Angus M. MacNeil, for the defendant.