*Southern District*

# No. 124

## WILLIAM C. CORKERY and RICHARD BLAKE
### d/b/a Genealogical Services of Milton
### v.
## MARY C. PHILBROOK, ADMINISTRIX
### of the
## ESTATE OF WALTER PHILBROOK

Argued: January 21, 1976. Decided: August 3, 1976

Case tried to *Tracy, J.,* in the District Court of East Norfolk. No. 8305.

Present: Lee, P.J.; Tamkin, and Hurd, J.J.

**Hurd, J.** This is a contract action to recover for services rendered one Walter Philbrook, deceased. The writ dated December 26, 1974,[1] named Mary C. Philbrook, "Administratrix of the estate of *Leonard W. Dolan*". The return of service showed that "(A) copy of the summons was mailed on January 20, 1975 to Mary C. Philbrook, Administratrix as within described at her last and usual place of abode to wit: 5011 Washington Street, West Roxbury District in said Boston", and further, "By virtue of this writ I this

---

[1] The procedures and pleadings considered in this opinion pre-date July 1, 1975, the date upon which the District/Municipal Court Rules of Civil Procedure (the new Rules) became effective.

day attached a chip as the property of the within named defendant Mary C. Philbrook, Administratrix as within described and afterwards on the same day summoned said defendant to appear and answer . . . by leaving at her last and usual place of abode . . . an attested copy and a summons of this writ . . ." On February 19, 1975, the trial court allowed plaintiffs' motion to amend their writ to decribe Mary C. Philbrook as administratrix of the estate of *Walter Philbrook.*

The defendant filed a motion to dismiss the action and a plea in abatement on the ground that the defendant was not duly served with process as required by G.L.c. 197, §9, and on the further ground that at the time the present action was commenced there was another action pending in Plymouth Probate Court for the same cause of action. The defendant also filed an answer to the merits with specific reservation of her rights under the motion to dismiss and plea in abatement.

At the hearing on the defendant's motion to dismiss and plea in abatement, the defendant called the attention of the trial justice to the writ and the return of service dated January 20, 1975. In addition, the plaintiffs admitted that at the time the present action was commenced, a petition had been filed in Plymouth Probate Court wherein the defendant had been named respondent, that the subject matter of the petition and the relief sought were for the claim set forth in the plaintiffs' declaration in the present case and that the petition was still pending.

The court allowed both the defendant's motion to dismiss the action and her plea in abatement, and the plaintiffs appealed.

There was no error.

■ A motion to dismiss in an action at law is the proper form of pleading to raise the question of want of proper service apparent on the record. *Farber v. Lubin,* 327 Mass. 128, 129 (1951).

■ It is apparent from the record that the only service made upon Mary C. Philbrook was in her capacity as administratrix of the estate of one *Leonard W. Dolan* and that she was never served with process as administratrix of the estate of *Walter Philbrook* after plaintiffs' motion to amend their writ for that purpose had been allowed. We feel that service of process on Mary C. Philbrook as Administratrix of the Estate of *Walter Philbrook* was required and failure to make such service is fatal to the plaintiffs' cause of action.

In *Bateman v. Wood,* 297 Mass. 483 (1937) at page 486, it was said:

> "The allowance of the amendments, on motions of the plaintiffs, substituting the present defendant for the deceased person named in the writs did not make her a party to the actions. A new party not previously served with process in an action may not be brought in by amendment without service of process or a voluntary appearance."

■ We are also of the opinion that had Mary C. Philbrook been properly identified in the writ, she was improperly served with the process. G.L.c. 197, §9, provides in part:

> "Except as provided in this chapter, an executor or administrator shall not be held to answer to

an action by a creditor of the deceased which is not commenced within *nine months from the* time of his giving bond for the performance of his trust, or to such an action which is commenced within said nine months *unless* before the expiration thereof *the writ in such action has been served by delivery* **in hand** upon such executor or administrator of service thereof accepted by him or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of probate . . ." (Emphasis supplied).

The only return of service in this action discloses that a copy was mailed to Mary C. Philbrook, Administratrix of the Estate of Leonard W. Dolan and another copy left "at her last and usual place of abode". Such service is insufficient. *Epstein v. Blender*, 15 Mass. App. Dec. 74 (1957); *Doyle v. Moylan*, 141 F. Supp. 95 (195).

In *Epstein v. Blender*, 15 Mass. App. Dec. 74, service was made by leaving an attested copy and summons of the writ at the last and usual place of abode of the defendant. It was held that the service was insufficient.

At page 76, the court said:

"Where there has not been compliance with the requirements of such statute, a general appearance by the defendant, administrators or executors does not cure the defect. *Rosenblatt v. Foley*, 252 Mass. 188, 191 (1925); *Finance Corp. of N. E. v. Parker*, 251 Mass. 372, 377 (1925); *Gallo v. Foley*, 296 Mass. 306, 310 (1936) . . ."

Further, at page 77, the court said:

"Compliance with each of these elements in the statute is pre-requisite to the plaintiff's right to maintain his action against the defendant on a claim against her intestate."

The plaintiffs contend that the burden was on the defendant to show that the plaintiffs failed to file notice of the claim in the registry of probate in accordance with G.L.c. 197, §9. We disagree. Once the defense of noncompliance with the pertinent statute is pleaded by the defendant, the burden of proving compliance rests with the plaintiffs. *Gallo v. Foley,* 299 Mass. 1, 3 (1937): *Breen v. Burns,* 280 Mass. 222, 228 (1932).

Insomuch as the report must be dismissed for the reasons set forth, our consideration of the allowance of the defendant's pleas in abatement shall perforce be brief.

The defendant's plea in abatement was appropriate where the defense raised is not apparent from the record which the opposite party may deny. *Paraboschi v. Shaw,* 258 Mass. 531, 532 (1927). Such a plea or answer in abatement is the proper pleading to call attention to the existence of a prior action for the same cause between the same parties pending in another court, which is not apparent on the record. It may be found to be a good defense in an action of law where another action of law or a suit in equity for the same cause is pending on the theory that the defendant should not be vexed or harrassed by successive proceedings upon the same cause of action. *Kelly v. First Citizens Bankers Corp.,* 316 Mass. 520, 521 (1944); *Beauregard v. Capitol Amusement Co.,*

301 Mass. 142, 144 (1938); *Alpert v. Mercury Publishing Co.,* 272 Mass. 39, 42 (1930).

 The plaintiffs call our attention to G.L.c. 197, §13, which permits a creditor to present a claim in the probate court where the right of action does not accrue within one year, after the giving of the administration bond, and argue that their prior probate action and the present case compliment each other as they differ in cause (establishment of a claim as opposed to action upon a claim) and in nature (equitable as opposed to legal). Our reading of this statute leads us to conclude that a claim for services presented in the probate court is analogous to an action at law for services rendered brought in the district court. Further, the relief afforded a creditor under this statute should he prevail would have the same result as a judgment for the creditor in an action at law. Therefore, we are unable to determine how such a claim can be considered equitable in nature or could be converted into a suit in equity where the relief sought is for money owed for services rendered.

There being no prejudicial error the **report is dismissed.**